### ANNIE BOOKER ET AL. v. BEN McBRIDE.

Decided May 26, 1897.

#### Surface Water—Obstruction of Flow.

The common law rule that an adjoining proprietor is not liable for the diversion of surface water upon the land of his neighbor, is recognized in this State in Gross v. City of Lampasas, 74 Texas, 197. But such case is distinguishable from that here presented, in which the obstruction complained of was of a watercourse, a branch of a neighboring creek, and containing running water most of the time; and a petition showing damages to plaintiff's premises thereby stated a cause of action.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD.

*J. K. Jamison, J. L. Cobb,* and *F. B. Dillard,* for appellants.—The ruling of the court sustaining general exception to plaintiff's second amended original petition was error, for that said petition shows a good cause of action. Railway v. Helsley, 62 Texas, 595; City of Galveston v. Posnainsky, 62 Texas, 125; City of Dallas v. Cooper, 34 S. W. Rep., 321; Railway v. Davis, 29 S. W. Rep., 483; Railway v. Becht, 21 S. W. Rep., 970; Railway v. Haskell, 23 S. W. Rep., 546; Bish. on Non-Con. Law, secs. 893, 895, 897, 898, and second note under same, and sec. 899; Earl v. DeHart, 72 Am. Dec., 395; Gibbs v. Williams, 37 Am. Rep., 241; Palmer v. Waddell, 22 Kans., 352.

*J. D. Haizlip* and *Galloway & Dunlap,* for appellee.—An obstruction of the flow of surface water from adjacent property on to and over the property of another, causing the water to accumulate on and overflow the

property of an adjoining property owner, gives such adjoining property owner no cause of action against the person so obstructing. Gross v. City of Lampasas, 74 Texas, 195; 24 Am. and Eng. Encyc. of Law, 219, and notes.

FISHER, CHIEF JUSTICE. — This suit was brought by appellants, Annie Booker, a widow, and her three minor children suing by Annie Booker, their next friend. The petition alleges, that since the 1st day of August ,1895, and long prior thereto, plaintiffs have owned and occupied as their homestead a tract of land in the city of Sherman, Grayson County, Texas, describing the same; that said property is well located for a residence on the corner of two important streets in the city of Sherman and a few blocks from the public square in said city; that formerly said lot was dry, and that it was drained by a channel about four feet wide and varying from two to four feet deep, which headed on Rusk street, near the south boundary of said lot, and ran to or very near the southwest corner of same; that said channel was a water course, and had been from time immemorial, and there had been from time immemorial a running stream of water in said channel for a great part of the year; that said channel was the natural drainage for all the water which fell upon plaintiffs' lot and the adjoining lots in times of rains and floods, and that the natural inclination and shape of plaintiffs' lot was such that all the water which fell on same and that might run on same from the adjacent streets and lots would flow and pass over said lot to the southwest corner of same, and from thence would pass into said channel or water course, and be conveyed to Postoak Creek, of which creek said channel was one of the branches.

That defendant McBride owned the lots adjoining plaintiffs' lot on the south, west, and southwest through which said channel ran, and that in utter disregard of plaintiffs' rights he built an impenetrable embankment from two to six feet high, bounding plaintiffs' lot completely on the south, west, and southwest, thereby diverting the water which in times of rain sought said channel on Rusk street, and caused the said water, which for time immemorial had passed through said channel to Postoak Creek, to flow upon and inundate plaintiffs' lot; and defendant McBride further dammed up and stopped the said channel, causing the water which fell on and flowed on to plaintiffs' lot in times of rain to collect and stand on plaintiffs' lot to the depth of four feet, where it becomes putrid and stagnant, emits noxious and poisonous vapors and gases, makes plaintiffs' home almost uninhabitable, washes the ground, prevents the use of the premises for a garden, destroys their domestic fowls, injures their houses, and is a constant menace to plaintiffs' health and happiness, and leaves the lot muddy and boggy and almost useless.

That it is not possible for them to prevent the water flowing upon their lot without great expense, which they are unable to bear, and that after said water gets upon their lot there is no way for them to get rid of it except to wait for its absorption, and there never was any way for the

water to pass off of said lot except through the natural waterway above described, through which said water has passed off of their said lot from time immemorial, and would still pass off but for the defendant McBride's acts as herein set out; that the flowing of said water on to plaintiffs' said lot washed the ground from the underpinning and foundation blocks of plaintiffs' dwelling house, causing one end of same to settle and pull apart from the other part of said house, to plaintiffs' damage in the sum of $200; that plaintiffs' lot was otherwise damaged as set out in plaintiffs' petition by the wrongful acts of the defendant in the sum of $800.

Plaintiffs claim damage for such damages as occurred within two years prior to July 26, 1895, the time of filing their petition. Plaintiffs further allege, that defendant by his wrongful acts has established and is maintaining a nuisance and causing the collection of water on their lot to become a continuing and increasing nuisance. They prayed for judgment for their damages and cost, and for the abatement of the nuisance.

Judgment was entered sustaining the general exceptions, and said cause was dismissed and judgment rendered against plaintiffs for cost.

The assignment of error complains of the ruling of the court in sustaining the general demurrer to the petition.

The common law rule is that when the adjoining proprietor in the ordinary use of his property diverts the surface water to and upon the land of his neighbor, he is not liable, and injury that results therefrom is damnum absque injuria.

The case of Gross v. City of Lampasas, 74 Texas, 197, in effect, holds that this rule prevails in this State. This case must have had a controlling influence upon the trial court, and in some of its features is very similar to the case in hand. But in our opinion there is a material distinction between the two cases. The petition in this case distinctly avers that plaintiffs' lot was drained by a channel which is alleged to be a watercourse with running water most of the time,. and which is one of the branches of Postoak Creek; and charged that by reason of a dam and embankment erected by the defendant, the water thus collected in the stream and watercourse in times of rain was caused to inundate and overflow plaintiff's lot. This statement of the averments presents the distinction between this case and the Gross case. It is held, as said in the Gross case, a party has a right to build a wall upon his own land to prevent its overflow by surface water. But he has no right to obstruct the flow of water in a stream and thereby cause it to overflow upon the land of his neighbor. He may build a wall or embankment for the protection of his own property from the surface water, or from the water that may gather in the stream, but he has no right to build his dam or embankment in the stream so as to obstruct the natural flow of the water, and thereby cause injury to the property of another.

Judgment is reversed and cause remanded.

*Reversed and remanded.*