## MRS. ANNA GRAMANN v. H. M. EICHOLTZ.

### Decided June 7, 1904.

**1.—Water Course—Surface Water.**

A gully several feet in depth with well defined banks, and with reference to which the city had built its culverts and had used it for the discharge of rain fall, was a distinctly marked water course as distinguished from merely flowing or perlocating surface water.

**2.—Changing Bed of Water Course—Injunction.**

A property owner may shift a water course on his land as he pleases so long as he does not throw the water against or upon his neighbor's land; but when this is done a cause of action arises and if it appear that the damage will be continuous injunction will lie to restrain the maintenance of such conditions.

**3.—Overflow—Injury to Property—Cause of Action.**

A plaintiff's right of action for damage from the diversion of a water course onto her property accrued when the damage occurred without reference to the date of defendant's act which gave the impetus to the stream which ultimately caused the injury.

Appeal from the County Court of Victoria. Tried below before Hon. Ben W. Fly.

*Fly & Hill,* for appellant.

*C. F. Carsner* and *J. T. Linebaugh,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by Mrs. Gramann against H. M. Eicholtz for damages to her homestead lot alleged to have been occasioned by acts on the part of Eicholtz in diverting surface water from its natural channel over and across his lot against and on her lot. She also prayed for injunction restraining him from maintaining the obstructions which caused the change in the flow of water.

Defendant answered by general denial, and specially that the water course was not a stream but a gully carrying surface water in time of rain, and he claimed the right to fill it if he chose.

A trial by jury resulted in a verdict and judgment for defendant. For the purposes of this opinion the following general statement of the facts will suffice:

Mrs. Gramann and one Jatho were for years the owners of adjoining lots. The surface of plaintiff's lot was higher than Jatho's, and through about the center of the latter's was a marked depression and gully through which the surface water of the city of Victoria flowed into the river. The gully was not made for the purpose but the surface water flowed that way naturally by reason of the lay of the land.

During Jatho's ownership he filled the gully as it originally ran, thus throwing the water nearer plaintiff's property, but there remained between her property and the gully a space of twenty or thirty feet in width.

In 18— Jatho deeded half the lot to his son-in-law, Eicholtz, the defendant herein, and the latter proceeded to occupy it as a residence lot.

The testimony adduced by plaintiff tended to show that defendant, in furtherance of his own purposes and in an endeavor to improve his lot, built obstructions and retaining walls on the side of the gully furthest from plaintiff's lot and gradually and from time to time filled in on that side, taking soil for the purpose from the side next to plaintiff. That in this way and by its effect on the action of the water he has gradually forced the gully so near the plaintiff's lot that in 1901 the water flowing through it during rains undermined her fence and flowed on to a part of her lot, washing away the soil and inflicting some damage. That if defendant persists in his course or is allowed to maintain present conditions the water will further encroach and continue to damage her more and more.

As evidence of defendant's purpose to change the course of the gully so it would run on the line between him and plaintiff, it was shown that he applied to the city council of Victoria to change the culvert in the street through which the water ran, so that the water could be discharged near plaintiff's line.

Defendant sought to show that the change was gradual and natural rather than due to any act of his, and that plaintiff's damage was occasioned by water from the property of others. He also claimed the right to protect his own lot from the water without reference to its effect on others.

Under the common law rule, which seems to prevail in this State, one may protect his own property from the effects of surface water percolating or flowing through or over it and this without reference to the effect it may have on his neighbor's land. Booker v. McBride, 16 Texas Civ. App., 348, 40 S. W. Rep., 1051; Gembler v. Echterhoff, 57 S. W. Rep., 313, and authorities cited.

This rule, however, has its limitations, which it is not necessary to point out here. The evidence in this case shows beyond controversy that the gully in question was a distinctly marked water course coming clearly within the definitions which distinguish them from merely flowing or percolating surface water. It was several feet in depth and had clearly defined banks. The water in it was at times as much as thirty feet in width. The city had built its culverts with reference to its existence, and for a great many years had used it for the discharge of the rainfall in the city.

Surface water forms a water course when it begins to have a reasonably well-defined channel with bed and banks, though the stream be small and may not flow continuously. The channel and banks must present unmistakable evidences of the frequent action of running water. Gould on Waters, secs. 263, 264.

These conditions existed in the case at bar. The defendant acquired the property with these conditions existent, and while he had the right to use his property as he pleased consistent with the welfare of his neighbors and to shift the channel from point to point upon his lot, he exceeded his right when he went so far as to throw the water against

and upon the land of plaintiff. Until this was done she had no right to complain, but the cause of action arose when she was injured thereby. Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 427.

That the maintenance of conditions which will involve continuous and progressive damage to her may be restrained by injunction seems to be settled. Gould on Waters, sec. 553-556.

The character of the water course in question was such as to forbid its diversion to the detriment of plaintiff.

We are of opinion the verdict was manifestly against the truth of the case, and for this reason the judgment must be reversed.

In view of another trial it is proper to dispose of certain other questions, though not presented in due form.

The court charged the jury in effect that plaintiff could in no event recover for the result of any act of defendant done longer than two years prior to the institution of the suit.

This was error. As long as the channel and its waters remained wholly upon defendant's land he was within his right in controlling it as it pleased him. Plaintiff could not complain, however near it was placed to her line, provided it resulted in no injury to her property. Her right of action accrued when the damage occurred, and this without reference to the date of defendant's act which gave the impetus to the stream which ultimately caused the injury.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*