JULIUS HELPHAND, APPELLANT, v. INDEPENDENT TELE-PHONE COMPANY OF OMAHA ET AL., APPELLEES.

FILED FEBRUARY 28, 1911. No. 16,304.

Waters: SURFACE WATERS: DAMAGE TO GOODS: CONTRIBUTORY NEGLI-GENCE. Where damage is caused by surface water negligently collected in a ditch or trench dug through a public alley, and thence allowed to soak through a sewer connection, previously constructed, into a basement of an adjacent building, the fact that the owner or occupant of the building in making his sewer connection failed to tamp the earth replaced therein sufficiently to render it impervious to water does not constitute contributory negligence.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*H. C. Brome* and *Clinton Brome,* for appellant.

*B. S. Baker, contra.*

BARNES, J.

Action for damages to a stock of goods by surface water alleged to have been negligently collected in a ditch dug by defendants, and thence thrown into the basement of a building occupied by the plaintiff.

It appears that plaintiff was the owner of a stock of "gents" furnishing goods, a part of which were stored in the basement of a building situated in the city of Omaha and occupied by him; that in the month of August, 1907, defendants, in constructing certain telephone lines in that city, dug a ditch or trench to be used as a conduit for its

wires through a public alley adjacent and in close prox-
imity to the plaintiff's building, and left it in such a con-
dition that the heavy rains which fell in that season of
the year were collected therein, and thence escaped into
the basement and damaged plaintiff's goods.   There was
no dispute as to the foregoing facts.

Defendants, to defeat a recovery, claimed that when
they were digging the ditch in question their workmen
discovered that at some prior time a sewer connection ex-
tending from the basement of plaintiff's building across
the alley had been made, either by the plaintiff or his
grantor; that the earth replaced in the sewer trench had
not been sufficiently tamped to render it impervious to
water, and, by reason thereof, the surface water collected
in the ditch soaked through the sewer trench into the
plaintiff's basement and caused the damage of which he
complains.   It was therefore contended that the plaintiff
was guilty of contributory negligence.

It appears that the trial court, after correctly instruct-
ing the jury as to the defendants' legal duties and liabili-
ties, by another instruction, submitted the question of con-
tributory negligence to the jury.   The giving of that in-
struction is assigned as error, which plaintiff strenuously
contends entitled him to a new trial.   The argument of
the defendants in support of the instruction is that both
parties had an equal right to the use of the public alley,
in which their conduit was being constructed, and there-
fore the plaintiff owed them the duty to so construct the
sewer connection as to render it impervious to the water
which they collected and allowed to flow into their ditch,
and by failing to do so he was guilty of contributory neg-
ligence.   Counsel has cited no authorities to support this
argument, and we doubt if any can be found by which it
can be sustained.   On the other hand, the plaintiff asserts
that the evidence shows conclusively that, when the earth
was replaced in the sewer excavation and the paving re-
placed thereon, the alley was left in a safe, suitable and
proper condition for the public use; that no surface water

had thereafter penetrated the basement of his building, and he therefore insists that having done all that was required of him, both for the protection of the public and his own property, he owed no additional duty to the defendants and could not be said to have been guilty of contributory negligence.

This contention seems to be well founded. It appears that when the sewer connection was made neither the plaintiff nor his grantor owed any duty to the defendants, and when defendants entered upon the construction of their conduit it was their duty to so construct the ditch as not to injure the property of the plaintiff who was an abutting lot owner.

In the case of *Cook v. Champlain Transportation Co.*, 1 Denio (N. Y.) 91, it was said: "Where one, in the lawful use of his own property, exposes it to accidental injury from the lawful acts of others, he does not thereby lose his remedy for an injury caused by the culpable negligence of such other persons." The rule is to so use one's own as not to injure others, and not, as the defendants contend, to use your own so that another shall not injure your property. In other words, one cannot lawfully use his own property, or exercise his rights, in such a manner as to increase the risk or danger of injury to another's property. In *Miles v. Postal Telegraph Cable Co.*, 55 S. Car. 403, it was said: "On the contrary, it behooves a telegraph company, in its legal use of a way or road, or even a highway or post road, to guard such use so that no injury shall result to the property of its owner which may be located opposite such telegraph lines, through its negligence or want of due care." Speaking of the rule of contributory negligence, it is said in 29 Cyc. 516: "This rule is subject to the exception that, as a person is entitled to use his own premises for any lawful purpose, his failure to protect it from the negligence of another will not be contributory negligence." The text above quoted is well supported by the following authorities: *Werner v. Cincinnati*, 23 Ohio C. C. Rep. 475; *Yik Hon v. Spring Valley Water*

*Works,* 65 Cal. 619; *Martin v. North Star Iron Works,* 31 Minn. 407; *Stone v. Hunt,* 114 Mo. 66, 21 S. W. 454; and many others.

We are therefore of opinion that the question of contributory negligence does not arise in this case, and the trial court erred in submitting that question to the jury by the instruction of which the plaintiff complains.

The judgment of the district court is therefore reversed and the cause is remanded for further proceedings.

REVERSED.

SEDGWICK, J., dissenting.

It is said in the majority opinion that "the trial court, after correctly instructing the jury as to the defendants' legal duties and liabilities, by another instruction, submitted the question of contributory negligence to the jury," and that this was erroneous, requiring a reversal. If, after correctly instructing as to defendants' legal duties and liabilities, it is erroneous to submit the question of contributory negligence to the jury, it must be that no matter how negligent the plaintiff may have been in constructing his part of the trench which caused the damage, and however careful and diligent the defendants have been in constructing their part and in seeking to prevent the ordinary effects of plaintiff's own negligence, the defendants are still liable for damages. This cannot be the law. The defendants argued that the plaintiff or his grantor in making the sewer connection owed the duty to the defendants, as well as others, to properly construct the same so as to prevent water from running into his (the plaintiff's) own basement. This argument is a little misleading. The plaintiff owed the duty to the defendants and others to construct the sewer connection so as not to injure the defendants or others who rightfully used the alley, but upon the point involved in this case the duty which the plaintiff owed was not so much to the defendants as it was to himself. He owed a duty to himself to make his sewer connection so that water from the alley would not flood

38

his basement. Suppose that both trenches had been dug at the same time, that the plaintiff had dug the sewer trench and the defendants the trench for the telephone cable, and both trenches had been negligently dug and negligently filled, would it be true that if the jury should find that, if the plaintiff had filled his part of the trench properly there would have been no damage, still the plaintiff could have recovered? Of course, if the defendants in digging their trench and filling it found that the plaintiff's sewer trench was imperfectly filled, and that damage was liable to ensue on that account, then the defendants should have been the more careful to avoid damage, since the sewer trench had been made a long time before, and the plaintiff might probably not be aware of its condition. If the defendants disregarded the danger of damages that might be caused from the conditions which they found in making their trench, they might still be liable for damages notwithstanding the imperfect conditions of the plaintiff's trench. But this point was fully and carefully guarded by the court in its instruction No. 5. The court instructed the jury to the effect that, when the defendants found that the plaintiff's part of the trench was not properly constructed, it would be the duty of the defendants to use correspondingly greater precaution to prevent damage to plaintiff's property, and that if in constructing their part of the trench the defendants "came upon a previously constructed sewer ditch leading to the basement of said building, the exposed condition of which was of such a nature as it was known to defendants, or should have been known to them in the exercise of ordinary care, that there was danger that surface water flowing into or upon defendants' trench would the more readily flow into and through said sewer trench and into plaintiff's building, then defendants would be required to exercise such a degree of care to prevent such accident as would be commensurate with the increased danger and circumstances surrounding the situation."

A similar instruction was requested by the defendants,

and the correct theory upon which the case was tried appears to be that if the plaintiff negligently constructed his part of the trenches in question, so that there would have been no danger if he had properly constructed the same, and the defendants, when they discovered the faulty condition of the plaintiff's trench, used such reasonable and proper precautions as an ordinarily prudent man would use to prevent the defects in the plaintiff's own trench from causing him damage, the defendants would not be liable. The questions tried were: First. Were the defendants negligent in constructing their part of the trench? Second. Did the plaintiff negligently construct his trench? Third. If the plaintiff's trench was negligently constructed, did the defendants, when that fact was discovered, use all reasonable precautions to prevent damage as the result of the plaintiff's own negligence? The last two propositions were determined in favor of the defendants by the jury upon "correct instruction as to the defendants' legal duties and liabilities," as said in the majority opinion, and, if so, their verdict ought to settle the matter.