### WELLBORN et al. v. WELLBORN.
### (No. 5640.)

(Court of Civil Appeals of Texas. San Antonio. March 29, 1916. Rehearing Denied May 17, 1916.)

1. APPEAL AND ERROR ☜281(1) — SCOPE OF REVIEW—MOTION FOR NEW TRIAL.

Assignments of error presented in the briefs cannot be considered in the absence of motion for new trial in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3281; Dec. Dig. ☜281(1).]

2. WATERS AND WATER COURSES ☜126(1) — SURFACE WATERS—PLEADING—GENERAL DENIAL.

In an action for damages for overflow caused by defendant's placing an embankment on his own land, his general denial is sufficient to warrant submission of the issue whether the embankment was formed by usual and ordinary plowing necessary to cultivation, since under the general denial, defendant could prove any fact going to show that plaintiff never had a cause of action.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 139, 142; Dec. Dig. ☜126(1).]

3. JUDGMENT ☜199(1)—VALIDITY—NON OBSTANTE VEREDICTO.

Judgment non obstante veredicto is not permissible in Texas.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367, 374, 375; Dec. Dig. ☜199(1).]

4. WATERS AND WATER COURSES ☜118—SURFACE WATERS—RIGHT TO DIVERT.

A landowner has the legal right to divert the flow of surface water after rainfall from his land to adjacent land by constructing embankments for that purpose.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 128–130; Dec. Dig. ☜118.]

Appeal from District Court, Kerr County; R. H. Burney, Judge.

Action by Claud Wellborn and others against Tom Wellborn. Judgment for defendant, and plaintiffs appeal. Affirmed.

Lee Wallace, of Kerrville, and Geo. Powell, of San Antonio, for appellants. Guy S. McFarland, of San Antonio, and H. C. Geddie and W. G. Garrett, both of Kerrville, for appellee.

SWEARINGEN, J. This is a suit to recover damages alleged to have accrued by reason of the construction of an embankment by appellee, entirely upon his own land, which embankment after each heavy rainfall diverted surface water from appellee's farm and deflected some of the water onto the land of appellants causing damage to their crops. Judgment was rendered for appellee. This cause was tried before a jury, to which the court submitted special issues.

[1] Appellants filed no motion for a new trial in the district court. In obedience to the rules of the Supreme Court of Texas, this court cannot consider any of the ten assignments of error presented in appellants' brief. El Paso Elec. Ry. Co. v. Lee, 157 S. W. 748; Craver v. Greer, 179 S. W. 862. There is no fundamental error apparent in the record.

[2] Appellants contend that the trial court erred in submitting to the jury special issue No. 3:

"Was said embankment, if any, formed by the usual and ordinary plowing necessary to the cultivation of the defendants' land?"

To which question the jury answered "Yes." Appellants claim this was error because there were no pleadings to justify the submission of that issue. Defendant's general denial was sufficient, for "under the general denial defendant may prove any fact which goes to show that plaintiff never had any cause of action." South Texas Telephone Co. v. Huntington, 121 S. W. 250. This embankment was entirely on defendant's land, and, if formed as found by the jury, was the result of defendant's lawful exercise of dominion over his property.

[3] Appellants further contend that the trial court erred because its judgment is contrary to the facts found by the jury. If

this contention were correct, there might be fundamental error, for judgment non obstante veredicto is not permissible under our practice. Hayes v. Stowers, 180 S. W. 151, § 4. A careful examination of the judgment and findings of the jury show that the judgment is not contrary to any fact found by the jury.

Appellants further contend that the trial court based its judgment on facts found by the court without evidence to sustain such finding of facts. The statement of facts contains ample evidence to sustain the judgment.

[4] There is no fundamental error apparent in the record. In fact, from the pleadings as limited by the evidence, no other or different judgment could have been properly rendered. Appellee had the legal right to divert the flow of surface water after rainfall from his land onto the adjacent land of appellants by constructing the embankments for that purpose. Cartwright v. Warren, 177 S. W. 200, § 4; Wilborn v. Terry, 161 S. W. 33; Barnett v. Matagorda R. & I. Co., 98 Tex. 355, 83 S. W. 801, 107 Am. St. Rep. 636; Gramann v. Eicholtz, 36 Tex. Civ. App. 309, 81 S. W. 756; Gembler v. Echterhoff, 57 S. W. 313.

We conclude that there is no error in the judgment, and it is affirmed.