WALENTA v. WOLTER.　(No. 5680.)*

(Court of Civil Appeals of Texas. San Antonio. May 24, 1916. Rehearing Denied June 14, 1916.)

Waters and Water Courses ⬦═118 — Surface Waters—Obstruction.

Under the common-law rule which, by virtue of Vernon's Sayles' Ann. Civ. St. 1914, art. 5492, prevailed in Texas prior to Acts 34th Leg. (1st Called Sess.) c. 7, the proprietor of land improving the same may lawfully repel surface water and turn the flow back on other lands without liability.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 128–130; Dec. Dig. ⬦═118.]

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by Otto Wolter against John Walenta, Sr. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered.

Lightfoot, Brady & Robertson, of Austin, for appellant. Dickens & Dickens and Albert S. Phelps, all of Austin, for appellee.

SWEARINGEN, J. On August 29, 1914, appellee filed his first amended petition by which he sought to recover of appellant damages caused by the flow of surface water after rainfall.

Appellant and appellee owned neighboring tracts of land, that of appellant being naturally lower than appellee's. The surface water flowing from the higher lands of appellee and other neighbors was diverted from its gravity flow over appellant's cultivated land by embankments built by appellant along his fences for the purpose of repelling surface water from his fields. The embankments caused the surface water to overflow portions of the lands of appellee by which he was damaged. In accordance with the verdict of the jury judgment was rendered against appellant for $1 and costs.

Appellant's second assignment is that:

"The court erred in refusing to give and read to the jury the special charge No. 1, requested by the defendant, which is substantially as follows: 'At the request of the defendant you are instructed to return a verdict for the defendant.'"

This assignment must be sustained. The peremptory instruction should have been given to the jury.

Until changed by an act of the Legislature in 1915 (Gen. Laws of Texas, First Called Session, c. 7, p. 17) by which the civil-law rule seems to have been adopted, the common law with respect to the obstruction and flow of mere surface water has been the law in Texas since January, 1840 (Vernon's Sayles' Texas Civ. Stat. art. 5492), except as to embankments built by railway corporations for roadbeds, which are governed by statute (Railway v. Helsley, 62 Tex. 593).

The common-law doctrine upon this subject was first announced in the courts of' Massachusetts, but since then has been adopted by many states in the United States, among them Wisconsin, Maine, New Jersey, Missouri, New York, New Hampshire, Vermont, Connecticut, Indiana, Kansas, Washington, Rhode Island, Michigan, Minnesota, and New Mexico.

Mr. Justice Brewer, in an opinion for the Supreme Court of the United States (Walker v. New Mexico, etc., 165 U. S. 593, 17 Sup. Ct. 421, 41 L. Ed. 837), said that the difference between the civil and the common law upon this subject was correctly stated in a carefully prepared opinion by Chief Justice Dixon in Hoyt v. Hudson, 27 Wis. 656, 9 Am. Rep. 473, as follows:

"The doctrine of the common law is * * * that the proprietor of the * * * lower * * * estate may, if he choose, lawfully obstruct or hinder the natural flow of such (surface) water thereon, and in so doing may turn the same back upon or off, onto or over the lands of other proprietors, without liability for injuries ensuing from such obstruction or diversion."

Substantially the same definition of this doctrine is given in the text-books by Kinney, Farnham, and Gould. Kinney erroneously states, on page 3095, that Texas adopted the civil law doctrine, and carelessly cites the case of Sabine, etc., v. Joachimi, 58 Tex. 456. That case sustains no such doctrine. Farnham (vol. 3, p. 2594) just as carelessly attempts to distinguish the case of Gannon v. Hargadon, 10 Allen (Mass.) 106, 87 Am. Dec. 625, by injecting a "stranger" in the case when in fact there is no distinction.

Our Texas Supreme Court, in 1889, in the case of Gross v. Lampasas, 74 Tex. 197, 11 S. W. 1086, expressly held that the common-law doctrine upon the subject was the law of Texas and cited the Wisconsin case of Lessard v. Stram, 62 Wis. 112, 22 N. W. 284, 51 Am. Rep. (Extra Ann.) 715, and notes page 1133. The Lessard Case was based upon the case of Hoyt v. Hudson, 27 Wis. 656, 9 Am. Rep. 473, above cited, by the Supreme Court of the United States. The Wisconsin cases are based upon the doctrine adopted first by Massachusetts, as stated in the Gannon v. Hargadon Case. Later, in the case of Booker v. McBride, 16 Tex. Civ. App. 348, 40 S. W. 1031, a Texas appellate court held that a party had a right to build a wall upon his own land to prevent its overflow by surface water.

In 1900 the case of Gembler v. Echterhoff, 57 S. W. 313, was decided by this court, which holds that:

"The gist of the common-law rule is that one may do as he pleases with his land, regardless of the effect upon surface water which may flow over it"—citing Gould on Waters, § 267, Bowlsby v. Speer, 31 N. J. Law, 351, 86 Am. Dec. 216, and among others the case of Gannon v. Hargadon, 92 Mass. (10 Allen) 106, 87 Am. Dec. 625.

It is true that in the Gembler Case the court held in substance that after the rainfall ceased to be wild, and ceased to be a public enemy, but came under the control of a party, that party could not store it for his own uses upon the land of another. It seems clear that when rainfall is under control, either by ditches, tanks, ponds, or pipes, it is no longer surface water as defined by the decisions. Nevertheless, the Gembler Case expressly recognizes the common-law doctrine as the law of Texas.

In 1904 the Court of Appeals decided the Gramann-Eicholtz Case, 36 Tex. Civ. App. 309, 81 S. W. 756, wherein it was said:

"Under the common-law rule, which seems to prevail in this state, one may protect his own property from the effects of surface water percolating or flowing through or over it, and this without reference to the effect it may have on his neighbor's land. Booker v. McBride, 16 Tex. Civ. App. 348, 40 S. W. 1031; Gembler v. Echterhoff, 57 S. W. 313, and authorities cited."

Though the decision in that case turned upon the fact that a well-defined water course had been altered which distinguished it from the common-law rule of flowing surface water.

The question was again discussed by the Texas Supreme Court in the case of Barnett v. Matagorda, etc., Irr. Co., 98 Tex. 355, 83 S. W. 801, 107 Am. St. Rep. 636, and Justice Williams held that the opinion in the Gross Case was a clear recognition of the common law as to the rights of landowners to repel the flow of surface water over their lands from those adjoining, and that whatever damage is caused by the exercise of this right is to be regarded as damnum absque injuria, and in illustration of this common-law doctrine cites among many decisions the Massachusetts case of Gannon v. Hargadon, 10 Allen (Mass.) 106, 87 Am. Dec. 625.

In the Barnett Case the embankment was apparently not at the boundary of the land, but inside the boundary. This doctrine was again announced in 1913 by the Texas Court of Appeals in the case of Wilborn v. Terry, 161 S. W. 33, to the following effect:

"If the effect of the dam was only to obstruct or prevent the outflow from appellant's land of the surface water arising from rain falling thereon or falling on other lands surrounding, and which, in seeking an outlet, flowed over appellant's lands, there would be no liability on the part of appellees."

Again in 1915 the question was before the Texas Court of Appeals in Cartwright v. Warren, 177 S. W. 197, which held in substance that a landowner had the right to obstruct and impound surface water upon neighboring lands by building embankments. The words, "wild" and "uncontrolled," should be read into the opinion by the term "surface water," and by the reference in the opinion to the Barnett v. Matagorda Case, which distinguished the Gembler Case. During the present term, this court had the same question in the case of Wellborn v. Wellborn, 185 S. W. 1041.

Beyond question, Texas has adopted the common-law rule in respect to surface water as explained by the Massachusetts courts. That rule is stated by Chief Justice Bigelow, speaking for the court, in Gannon v. Hargadon, 10 Allen (Mass.) 106, 87 Am. Dec. 625 (see Extra Ann. 87 Am. Dec. p. 108), who expressed the doctrine as follows:

"A party may improve any portion of his land, although he may thereby cause the surface water flowing thereon, whencesoever it may come, to pass off in a different direction and in larger quantities than previously. If such an act causes damages to adjacent land, it is damnum absque injuria."

In the case at bar the damage is alleged to have been caused by surface water, and the charge of the court expressly limited the case to surface water. The charge was not objected to by appellee. We therefore must conclude that appellee had no cause of action against appellant.

The judgment of the trial court is reversed and here rendered in favor of appellant.