HESTER v. McADAMS. (No. 8678.)

(Court of Civil Appeals of Texas. Ft. Worth. March 2, 1918. Rehearing Denied April 13, 1918.)

WATERS AND WATER COURSES ⬤◯118—SURFACE WATERS—COMMON-LAW RULE—MODIFICATION BY STATUTE.

The common-law rule that the owner of land may for his own protection divert natural surface water, although it results in injury to land of his neighbor, has been changed by Acts 34th Leg. (1st Called Sess.) c. 7 (Vernon's Ann. Civ. St. Supp. 1918, art. 5011t).

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Suit by J. B. McAdams against O. B. Hest-er. Judgment for plaintiff, and defendant appeals. Affirmed.

B. E. Cook, of Stephenville, for appellant. Chandler & Pannill, of Stephenville, for appellee.

DUNKLIN, J. O. B. Hester and J. B. McAdams owned adjoining tracts of land, separated by a ditch. Hester's tract lies north of the McAdams tract and on higher ground. Water from rainfall accumulating upon his land makes its escape west through the ditch, the east end of which is higher than its west end. Water from rainfall accumulating on other land east of Hester's tract flows in a southwesterly direction across the southeast corner of Hester's land and into the ditch. Water accumulating in the ditch from this source, added to that accumulating on Hester's tract during heavy rains, causes an overflow of the ditch near its west end upon a strip of Hester's tract adjacent thereto. In order to avoid such overflows, Hester constructed a dam across the ditch near its east end and a levee running in a northerly direction from that point across his land; also another dam across the ditch west of the east dam. By reason of those two dams water accumulating on Hester's land from rainfall which, in the absence of such dams, would have escaped down the ditch was caused to overflow the McAdams tract.

McAdams instituted this suit against Hester for a mandatory injunction requiring him to remove the two dams across the ditch, and also the levee, and restraining him from in any manner obstructing the flow of water down the ditch, and from a judgment requiring the removal of the west dam, but refusing to require the removal of the east dam or levee, Hester has appealed.

Appellant invokes the common-law rule announced in such authorities as Gross v. City of Lampasas, 74 Tex. 195, 11 S. W. 1086; Booker v. McBride, 16 Tex. Civ. App. 348, 40 S. W. 1031, to the effect that the owner of land may for his own protection divert from its natural course surface water collecting upon his own land from rainfall, even though his act in so doing may result in injury to the land of his neighbor. But that rule has been changed by an act passed in 1915 by the Legislature of this state (see Acts 34th Legislature [1st Called Sess.] c. 7, p. 17 [Vernon's Ann. Civ. St. Supp. 1918, art. 5011t]) which reads as follows:

"That it shall hereafter be unlawful for any person, firm or private corporation to divert the natural flow of the surface waters in this state or to permit a diversion thereof caused by him to continue after the passage of this act, or to impound such waters or to permit the impounding thereof caused by him to continue after the passage of this act, in such a manner as to damage the property of another, by the overflow of said water so diverted or impounded, and that in all such cases the injured party shall have remedies in both law and equi-

ty, including damages occasioned thereby, provided that the passage of this act shall in no way affect the construction and maintenance of levees and other improvements for the purpose of controlling floods, overflows and freshets in rivers, creeks and streams, nor the construction of canals for the purpose of conveying waters for irrigation; and provided further that *nothing in this act shall* be so construed as to authorize or give authority to persons or corporations owning or constructing canals for irrigation or other purposes, to construct or maintain any canal, lateral canal or ditch in such manner as to obstruct any river, creek, bayou, gully, slough, ditch or other well-defined natural drainage."

We are of opinion further that there was evidence sufficient to support the finding of the court, which the judgment necessarily implies, that the west dam constructed by appellant had the effect to divert the surface water collecting on his land to the McAdams tract to the substantial injury of the latter tract.

From the conclusions above stated it follows that all assignments of error must be overruled, and the judgment of the trial court must be affirmed; and it is so ordered.

Affirmed.