**FRAZIER et al. v. ROLLINS.    (No. 2409.)**

(Court of Civil Appeals of Texas. Texarkana.    April 12, 1921.    Rehearing Denied April 28, 1921.)

Waters and water courses ⬅︎126(3)—Instruction relieving defendant of liability for obstructing waters if plaintiff's levees "contributed to" the overflow held error.

In action for injuries from overflow of surface waters caused by defendant's obstruction of a natural waterway by his construction of an embankment and insufficient diverting ditch, an instruction that if, by plaintiffs' cleaning out and changing ditches on their land the natural flow of the water was narrowed or changed, and that such construction and diversion proximately caused "or contributed to" the accumulation of water and the overflowing and damage to plaintiffs' land and crops, to find for defendant, was error, as denying to plaintiffs a recovery, although their ditches and levees were not the proximate and sole producing cause of the overflow, for, although defendant was entitled to show in mitigation that his ditch and levee were not the cause of all the damages, he would be liable for all damages resulting from his acts.

Error from District Court, Hunt County; A. P. Dohoney, Judge.

Action by J. M. Frazier and others against C. W. Rollins.    Judgment for defendant, and plaintiffs bring error.    Reversed and remanded.

The plaintiffs in error own a tract of 135 acres of land, through which the Cotton Belt Railroad extends.    Thirty-five acres of the land lies north, and 100 acres south, of the railroad.    On the south of the entire farm a public county road extends from east to west.    A tract of about 67 acres of land belonging to the J. M. Rollins estate lies south of this public road and just opposite to the above 135-acre tract.    And the plaintiffs in error brought the suit against the defendant in error for damages for injuries done to their land lying between the railroad and the public road, and the crops growing thereon, by overflow of surface waters, alleged to have been caused by the wrongful obstruction of a natural waterway.    It was alleged that the defendant in error (1) "changed the course of said waterway at the north boundary line of defendant's farm by throwing up an embankment or dam over and across the original waterway, and then by constructing a waterway in a due west direction, parallel to and adjoining the public highway, diverting the water that would flow down the waterway from its natural course," and (2) "the defendant, in constructing said ditch failed to construct a sufficient waterway to carry off the water that would naturally flow down the waterway," and (3) which structures caused the waters "in every large rain that falls to be dammed up and back up said waterway through the center of plaintiff's premises the entire distance of same."    The defendant answered by general denial, and specially that the plaintiffs constructed a ditch and embankment upon their land in such a way and of such dimensions as to interfere with and divert the natural flow of surface waters and to cause the discharge of such waters upon the lands south, and that the defendant, an adjoining landowner, to keep from his land the water thrown thereon by such obstruction, erected a ditch on the north boundary of his land, and that such ditch did not interfere with the water falling upon plaintiff's land, and did not proximately cause the injury complained of.    The defendant further pleaded "that if plaintiffs have been damaged in any way on account of anything alleged by them such damages, if any, were brought about, caused, and contributed to by their own illegal acts and by their own disregard of the rights of adjoining owners, and that in no event are the plaintiffs entitled to recover."    The case was tried before a jury, and the verdict was in favor of the defendant.

The general slope of the lands at the place in controversy is from north to south, and the natural drainage of rainfalls is in that direction.    A part of plaintiffs' land, lying between the public road and the railroad, is flat and low.    Near the center of the plaintiffs' land, and on the eastern side of this flat and low portion of it, was a waterway, mentioned in the evidence as "Williams branch," but, in fact, a natural draw or depression for the escape of freshet water in times of heavy rains.    This draw or depression extended through plaintiffs' land and across the public road and on the south through the defendant's land.    The draw or drain had become partially filled with dirt and growing bushes, and the plaintiffs cleaned it and dug it out five feet wider and two feet deeper and threw up an embankment or levee on the west bank thereof so as to prevent water from overflowing.    Plaintiffs also cut a new ditch and drained a slough on the west side of the tract of land, with the purpose of keeping the water from overflowing on the land between the ditch and the draw or depression.    The defendant's land is on the south of and lower than the plaintiffs' land.    With a view of preventing a discharge and accumulation of waters on his land, the defendant, after the plaintiffs had constructed the structures, constructed a ditch and embankment across the north boundary of his tract parallel with the public road, so as to cause the water to run westward and flow towards the south.    The substance of the evidence in behalf of the plaintiffs is to the effect that the ditch constructed by the defendant obstructed the usual and natural flow of freshet

waters and caused them to accumulate and overflow on his land, injuring it and the crops. The substance of the defendant's evidence is to the effect that his ditch and embankment was sufficiently and skillfully constructed and carried off the freshet waters on the southward from his and the plaintiffs' land, and did not cause an overflow, and the ditch was constructed in order to protect his land and lessen the damage from the inevitable effect of the obstructions wrongfully made by the plaintiffs, and that the proximate cause of the overflow on plaintiffs' land was their own obstruction and narrowing of the natural course of flow of the surface waters. There is no complaint on appeal respecting the evidence.

Evans & Starnes, of Greenville, for plaintiffs in error.

Clark & Sweeton, of Greenville, for defendant in error.

LEVY, J. (after stating the facts as above). The court's charge authorized a verdict in favor of the plaintiffs upon a finding by the jury that the levee constructed by the defendant along the north boundary of his land (1) "constituted such an obstruction to the natural flow of the water coming down the plaintiffs' premises as to prevent its flowing off in a natural way and to cause the water to back up and accumulate on the plaintiffs' premises, overflow their ditch and levees, and create unnatural currents across their land," and (2) "that such levee or embankment so constructed by the defendant was the proximate cause of the overflow and damage, if any, to plaintiffs' land and crops." And the charge authorized a verdict for the defendant upon the finding by the jury that—

The defendant's levee was "not the proximate cause of the overflow and damage complained of by the plaintiffs," or "if the action of the plaintiffs in straightening, narrowing, widening, or deepening the alleged waterway, and the construction of the embankment along the same caused water to accumulate and flow in a different direction in a larger volume or more rapidly than it would have flowed but for such action on their part; or if the embankment had the effect to accumulate the water in larger or heavier volumes and to be discharged upon defendant's premises in a different way than it would naturally have gone; and the defendant, to protect his land, and in the effort to do so, from any injury that might be caused on account of such action of the plaintiffs, constructed the ditch and embankment on his land, and that in doing so he exercised such care as an ordinarily prudent person would have exercised under the same or similar circumstances—then you are instructed that the plaintiffs cannot recover in this case regardless of whether or not defendant's ditch and embankment caused plaintiffs' property to be overflowed and damaged."

The effect of this latter charge was to deny the plaintiffs, and properly so, a recovery because of their own original wrong; but the court further instructed the jury, in paragraph 5, as follows:

"The evidence in this case shows that the plaintiffs cleaned out and changed ditches and diverted water by preventing its flow to the westward over their levees on their land. Now, if you believe from the evidence that in cleaning out and changing said ditches the natural flow or outlet for the water was narrowed or diminished in places, or enlarged in places, and that such construction of said ditches and levees and diversion of the water, or any of it, from its natural course proximately caused or contributed to the accumulation of water and the overflowing and damage, if any, to the plaintiffs' land and crops, you will find for the defendant."

The plaintiffs objected, and assign error upon the giving of the instruction in paragraph 5. The objection made to the charge is to the effect that the defendant would not legally be relieved of liability for his own wrong in the fact that the construction of the ditches and embankments by the plaintiffs contributed to the accumulation and overflow of the surface waters that damaged the plaintiffs' land. The charge, as seen, relieved the defendant entirely of any liability for damages if plaintiffs' ditches and levees either "proximately caused" or "contributed" to the destructive overflow of the freshet waters on plaintiffs' land. According to the evidence in behalf of the plaintiffs the ditch and embankment erected by the defendant so obstructed the natural flow of freshet waters as to cause them to overflow and injure plaintiffs' land. The evidence in behalf of the defendant is to the effect that the ditches and embankments constructed by the plaintiffs completely obstructed and diverted the natural flow of the surface waters, and that during a freshet such obstructions collected the water, washing away part of the levees or embankments and overflowing and injuring plaintiffs' land and as well the defendant's land. In these issues of fact, then, it follows that if the defendant's erection of the ditch and embankment on his land obstructed the natural flow of the surface waters and was the proximate cause of the injury to plaintiffs' land, then he thereby became legally liable to the plaintiffs for all damages proximately resulting therefrom. And taking the evidence in behalf of the defendant, the plaintiffs' land would not have been damaged at all but for the presence of their ditches and embankments, and such obstructions to the natural flow of the freshet waters was a proximate and the sole producing cause of the destructive overflow of the waters. There can be no doubt that if the ditches and embankments as constructed by the plaintiffs "proximately caused," as charged by the court, the freshet waters to collect and overflow and damage their own land the defendant could not be held liable therefor. But the charge went

further, and relieved the defendant of any responsibility for any destructive overflow of water from his ditch and embankment as erected if the ditches and embankments as constructed by the plaintiffs "contributed" to cause the freshet waters to collect and overflow and damage plaintiffs' land. And the effect of this part of the charge is to deny the plaintiffs a recovery notwithstanding their ditches and levees were not the proximate cause or sole producing cause of the destructive overflow of the waters. There are authorities holding that a landowner whose property is flooded because of an obstruction of a natural water course must exercise reasonable care and diligence to minimize the damages, and if any part of his damages is the result of his own failure to use such care, to that extent at least he is not entitled to recover. Railway Co. v. Becht, 21 S. W. 971; Railway Co. v. Arey, 107 Tex. 366, 179 S. W. 860, L. R. A. 1916B, 1065; Railway Co. v. Speer, 212 S. W. 762. But that doctrine is not the one the charge undertakes to apply, even assuming that it was applicable to the facts. And it was competent for the defendant to show that his ditch and levee were not the cause of all the damages complained of, and thus mitigate the damages claimed in the suit, for he is not liable for the damage caused by any one but himself. But it is well-settled that each person who acts in maintaining a nuisance is liable for the resulting damages. If he act independently, as the facts here show, and not in concert with others, then he is liable for the damages which result from his own act only. 3 Sutherland on Damages, 425; 1 Addison on Torts, 364; Gould on Waters, §§ 222, 398; Wood on Nuisances, § 831. "In instances where the wrongful acts of two or more persons concur as proximate causes of an injury the wrongdoers are liable jointly or separately, and the fault of one is no defense for the other or others." Beopple v. Railway Co., 104 Tenn. 420, 58 S. W. 233. And in 1 Thompson on Neg. § 75, it is said that—

"If the concurrent or successive negligence of two persons, combined together, results in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurring negligence of the other contributed to the injury."

And Id. § 76:

"This rule obtains although it is impossible to determine in what proportion each of the wrongdoers contribute to the injury." 27 R. C. L. sec. 47, p. 116; Coleman v. Bennett, 111 Tenn. 705, 69 S. W. 734; Helphand v. Ind. Tel. Co., 88 Neb. 542, 130 N. W. 111, 33 L. R. A. (N. S.) 369.

In the facts of this case it is of no avail to defendant, as to entire exoneration, that the construction of plaintiffs' levees contributed to the overflow. The parties acted independently of each other, and not together, in constructing the several obstructions separately in controversy. The fact of defendant's liability is to be determined alone by his own wrongful act, if one, as a proximate cause of the plaintiffs' damage. The court erred, we think, in the portion of the charge here considered. Randolf v. Town of Bloomfield, 77 Iowa, 50, 41 N. W. 562, 14 Am. St. Rep. 268; Correll v. City of Cedar Rapids, 118 Iowa, 333, 81 N. W. 724. The error necessitates a reversal of the judgment, which is accordingly done, and the remanding of the cause for another trial.