**ANDERSON et al. v. HIGHLAND LAKE CO.**
**(No. 2842.)**

(Court of Civil Appeals of Texas. Texarkana.
Feb. 1, 1924. Rehearing Denied
Feb. 7, 1924.)

**1. Waters and water courses ☞172—Charge held erroneous as applying common rule in determining liability for damages by waters impounded by dams.**

Since Acts 34th Leg. 1st Called Sess. (1915), c. 7, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 5011t), not only makes it unlawful to impound surface water so it would back upon and injure property of another, but unlawful to impound such water so it would escape and overflow and thereby cause injury to another, in action for injuries to crop from overflow of water impounded by dams, it was error to apply the common-law rule by a charge that there could be no recovery unless defendant was guilty of negligence, which was proximate cause of damage either in the way it constructed the dam or the way it maintained it.

**2. Waters and water courses ☞172—Joint wrongdoer liable for proportionate part damaged by flowage.**

In action for injury to crops from overflow of water impounded by dams, recovery against the owner of one of them is limited to the proportionate part of the sum representing the entire damage as the quantity of water impounded by it, and which flowed over the land bore to the quantity impounded by the other, and which also flowed over it.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Wash Anderson and another against the Highland Lake Company. Judgment for defendant, and plaintiffs appeal. Reversed, and remanded for new trial.

This suit was commenced by appellant Wash Anderson as plaintiff against the lake company and one L. M. Generes as defendants. It was to recover damages Anderson suffered because, he alleged, of wrongful conduct of the lake company and Generes in permitting water they respectively had impounded by dams on lands they respectively owned to flow upon and over land he owned, thereby injuring same and destroying crops growing thereon. At Generes' instance he was dismissed from the suit, and appellant John F. Wamack having made himself a party plaintiff. The suit was prosecuted by him and Anderson against the lake company alone. The trial thereof resulted in a judgment that appellants take nothing by their suit.

Y. D. Harrison, of Marshall, for appellants.

T. W. Davidson, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The trial court thought the question as to the liability of the lake company to appellant Anderson for damages he suffered should be determined with reference to rules of the common law, and instructed the jury accordingly, telling them, in effect, to find for the lake company unless they believed it was guilty of negligence which was a proximate cause of such damages, in either the way it constructed the dam or the way it maintained it.

Appellants' insistence in the trial court, renewed here, was that the question was not so determinable, and that it should be determined with reference to provisions of the Act May 29, 1915 (General Laws, p. 17; Vernon's Ann. Civ. St. Supp. 1918, art. 5011t), as follows:

"It shall hereafter be unlawful for any person, firm or private corporation to divert the natural flow of the surface waters in this state or to permit a diversion thereof caused by him to continue after the passage of this act, or to impound such waters, or to permit the impounding thereof caused by him to continue after the passage of this act, in such a manner as to damage the property of another, by the overflow of said water so diverted or impounded, and that in all such cases the injured party shall have remedies in both law and equity, including damages occasioned thereby."

We think the language used in the statute not only shows the legislative intent to have been to make it unlawful for any one to impound surface water so it would back upon and injure property of another, but shows that intent also to have been to make it unlawful for any one to impound such water so it would escape and overflow and thereby injure property of another. Hester v. McAdams (Tex. Civ. App.) 203 S. W. 121; Wilkerson v. Garrett (Tex. Civ. App.) 229 S. W. 666. Therefore we agree with appellants that the statute applied to the case, and that the trial court erred when he instructed the jury as stated above.

[2] It appeared without dispute in the testimony (1) that the lake company, by a dam it constructed across a stream which flowed over its land, had impounded a body of water 4 or 5 feet deep over about 70 acres of land, and that Generes, by a dam across a stream which flowed over land he owned, had also impounded a large body of water; (2) that the stream on the lake company's land, and the one on Generes' land as well, flowed towards appellant Anderson's land, situated a mile and a half or two miles distant, and united so as to form one stream before they reached Anderson's land; (3) that an unusual, but not unprecedented, rainfall caused both the lake company's dam and Generes' to give way at about the same time; and (4) that the water impounded by the lake company and that impounded by Generes united after it escaped, and with

the rainwater which fell below the dams and collected in the stream flowed to and over Anderson's land, injuring, if it did not destroy, part of same and crops growing thereupon.

In the view we take of the case the only issue presented was one as to the amount of the damages appellants were entitled to recover of the lake company. It is apparent from what has been said above that the injury to Anderson's land and crops was due in part to water which the lake company had impounded, in part to water which Generes had impounded, and in part to water which had not been impounded nor otherwise interfered with by any one. If the stream which ran through Anderson's land would have overflowed and injured it or crops growing thereon had the dams not broken, we think the recovery against the lake company should be of only such proportionate part of the sum representing the entire damages sustained by appellants as the quantity of water impounded by the lake company and which flowed to and upon the land bore to the entire quantity which overflowed thereupon on the occasion in question; and if such stream would not have overflowed and injured the land and crops had the water impounded by the lake company and Generes not escaped, we think the recovery against the lake company should be of such proportionate part of the sum representing the entire damage sustained by appellants as the quantity of water impounded by it, and which flowed to and over the land, bore to the quantity impounded by Generes and which flowed to and over the land. Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451, 8 Am. St. Rep. 656. In the case cited the court said:

"If waters are wrongfully turned upon the land of another as the result of the acts of several parties, they are all liable. It is no defense that the injury caused or wrong done by any one, standing alone, might not be a sufficient ground of complaint. If the damage caused is the combined result of several acting independently, recovery may be had severally in proportion to the contribution of each to the nuisance, and not otherwise."

The ruling made disposes of the contentions presented in appellants' brief except (1) one or two not likely to arise on another trial; (2) one that the court erred when he sustained exceptions of Generes to appellants' petition and dismissed him from the suit, which has not been considered because Generes is not a party to the appeal; (3) one based on the refusal of the court to submit an issue as to whether, if appellants were entitled to recover at all, they were entitled to recover exemplary damages; and (4) one complaining of the action of the court in excluding testimony of appellant Anderson set out in the bill of exceptions No. 6. We do not think an issue as to whether appellants were entitled to recover exemplary damages or not was made by the testimony, and it appears from the statement of facts as we understand it that the excluded testimony was not materially different from that given by appellant Anderson as a witness.

The judgment is reversed, and the cause is remanded for a new trial.