## MOODY v. VANDERGRIFF.  (No. 3361.)

Court of Civil Appeals of Texas. Texarkana.
March 24, 1927.

Waters and water courses ⬅119(6)—Landowner whose diversion of surface waters contributed to overflow partly caused by plaintiff's diversion is liable for proportionate damages.

In action between adjoining landowners for damages to crops from overflow of surface waters, recovery could be had for diversion of water by defendant causing overflow on plaintiff's land, though waters diverted by plaintiff contributed thereto and overflow would not have been occasioned but for plaintiff's diversion, defendant being liable for proportionate part of damages suffered by plaintiff.

Appeal from District Court, Delta County; Newman Phillips, Judge.

Action by W. A. Moody against George Vandergriff, in which defendant interposed

a cross-action and Melvin Gentry and another intervened. Judgment denying recovery to all parties, and plaintiff appeals. Reversed and remanded.

Appellant owned land situated north and east of and adjoining land owned by appellee. Claiming that in 1924 and 1925 appellee by terraces he constructed on his land had wrongfully so diverted the natural flow of surface water thereon as to cause same to go upon and injure a part of his (appellant's) land and crops growing thereon, appellant commenced and prosecuted this suit for damages against appellee. In his answer appellee denied that he had diverted water to appellant's land as charged, and in a cross-action alleged that appellant by a ditch and embankment on his (appellant's) land had unlawfully so diverted surface water thereon as to cause same to go upon his (appellee's) land in 1924 and 1925 and injure crops growing thereon. Melvin Gentry and A. H. Crouch intervened in the suit, the former alleging that he was a tenant on appellee's land in 1924, and the latter that he was a tenant thereon in 1925, and each claiming he was entitled to recover damages of appellant on account of the destruction of crops he grew on the land, due to water wrongfully diverted thereto by appellant. It appeared in the testimony that there was a ditch (designated as "the north and south ditch") on the boundary line running north and south between appellant's and appellee's land, and another ditch (constructed by appellant and designated as "the east and west ditch") on the boundary line running east and west between said lands.

Questions as follows, answered as indicated, were submitted to the jury:

"Question No. 1. Did the defendant, Vandergriff, by the terraces which he constructed on his land, divert the natural flow of surface water and cause same to flow into the north and south ditch which, without the terraces, would not have naturally flowed into said ditch? Answer: Yes.

"If you have answered the above question 'No,' then you need not answer questions 2 and 3; but if you have answered 'Yes' to the above question, then you will answer the following questions:

"Question No. 2. Did the water which you have found was by the terraces diverted from its natural flow and thereby put into the north and south ditch, which would not otherwise have gone there, cause said ditch to overflow and damage the crops of plaintiff Moody during the years of 1924 and 1925, or either of said years? Answer: No.

"Question 3. If you have answered 'Yes' to the above question, then what damage did the plaintiff sustain to his crops by reason of the overflowing of his lands as inquired about in question No. 2? [Not answered.]

"Question 4. If you have answered 'Yes' to question 2, then did said overflow or overflows permanently damage the plaintiff's 40-acre tract of land lying east of the north and south ditch? Answer: No.

"Question 5. Did the construction of the east and west ditch and embankment on the north side thereof by the plaintiff cause water to be thrown back on the land on the south side of the ditch and thereby damage the crops grown by the defendant and his tenants in the years 1924 and 1925, or either of said years? Answer: No."

On the answers of the jury as shown above the court rendered judgment denying both appellant and appellee and also the interveners a recovery of anything. The appeal was prosecuted by appellant Moody alone.

L. L. James, of Greenville, and C. C. McKinney, of Cooper, for appellant.

Joel H. Berry, of Cooper, for appellee.

WILSON, C. J. (after stating the facts as above). With reference to issues he submitted to them the trial court told the jury that the evidence showed that appellant by constructing and maintaining the east and west ditch diverted surface water from its natural course to the north and south ditch, and then instructed them as follows:

"If you believe from the evidence that the defendant, by his terraces, caused water to flow into the north and south ditch which otherwise would not have flowed into said ditch, but if you further believe that such waters would not have caused the overflow of said ditch if the water had not been diverted into said ditch from the east and west ditch, then in that event you will answer 'No' to questions Nos. 2 and 4."

In said court appellant objected to the instruction, insisting that "he would be entitled to have question No. 2 answered in the affirmative if said (north and south) ditch would not have overflowed had the defendant not diverted water" thereto by the terraces he constructed; and in this court complains because the trial court overruled his objections and because that court refused his request that he instruct the jury if they answered question No. 1 in the affirmative to also answer question No. 2 in the affirmative if they believed "that the north and south ditch would not have overflowed if the defendant had not diverted water into said (north and south) ditch by his terraces." Appellant cites Frazier v. Rollins (Tex. Civ. App.) 230 S. W. 874, decided by this court in 1921, as a case supporting his contention, and we think it does. There the trial court instructed the jury as follows:

"The evidence in this case shows that the plaintiffs cleaned out and changed ditches and diverted water by preventing its flow to the westward over their levees on their land. Now, if you believe from the evidence that in cleaning out and changing said ditches the natural flow or outlet for the water was narrowed or diminished in places, or enlarged in

places, and that such construction of said ditches and levees and diversion of the water, or any of it, from its natural course proximately caused or contributed to the accumulation of water and the overflowing and damage, if any, to the plaintiffs' land and crops, you will find for the defendant."

The instruction was held to be erroneous because its effect was to relieve the defendant of any liability if the plaintiffs' acts "contributed [quoting] to the destructive overflow of the freshet waters on plaintiffs' land." And such, as we construe it, was the effect of the instruction complained of in the instant case. Obeying the instruction the jury could not have answered question No. 2 in the affirmative if they believed that surface water diverted by appellee's terraces did not alone cause the north and south ditch to overflow, but believed, instead, that that water, together with surface water diverted by appellant, caused same to overflow. The holding in the Frazier Case was that a defendant who wrongfully diverts surface water is not relieved of all liability to a plaintiff who also diverts such water, when the water diverted by each unites in causing an overflow which damages the plaintiff. In such a case, it was in effect held, the defendant is liable for a proportionate part of the damages suffered by the plaintiff. See Anderson v. Highland Lake Co. (Tex. Civ. App.) 258 S. W. 218.

If the ruling in the Frazier Case was correct, the contention of the appellant in this one should be sustained. We think the ruling was correct. Therefore the judgment in the instant case will be reversed and the cause will be remanded to the court below for a new trial.