## MASON v. ROCKWALL COUNTY LEVEE IMPROVEMENT DIST. NO. I et al. (No. 3673.)

Court of Civil Appeals of Texas. Texarkana. April 24, 1929.

Rehearing Denied May 2, 1929.

Reese D. Wade and H. M. Wade, both of Rockwall, for appellant.

Carl G. Miller, of Rockwall, for appellees.

WILLSON, C. J. (after stating the case as above).

■■ We think the conclusion of the trial court, that the appellee improvement district was not liable for the damages appellant sought to recover of it, was supported by the finding that the digging of the ditch was not a part of the district's "plan of reclamation." The power conferred by the statute (article 7980, Rev. St. 1925) was to construct and maintain within the district improvements necessary or proper to accomplish the "plan of reclamation" adopted and approved as provided in article 7990. The statute declared it to be unlawful for a district "to construct or maintain any levee or other improvement" without first adopting such a plan and having same approved by the state reclamation engineer. Articles 8027 and 8028. Hence, if the ditch was not a part of the plan, the act of the district's supervisors in digging it was unauthorized. If the act of the supervisors was unauthorized, it was not binding on the district (36 Cyc. 865; 36 C. J. 1012); and, certainly, if the district was not responsible for the existence of the ditch, it was not bound to keep it open. In the court below appellant objected to the finding that the ditch was not a part of the plan of reclamation, on the ground that it was not warranted by the evidence; but the judgment is not attacked on that ground by any of the assignments of error in his brief, and for that reason this court is not called upon to determine whether the objection was a meritorious one or not. Edson & Hamm v. Murray (Tex. Civ. App.) 285 S. W. 659, Saner-Whiteman Lumber Co. v. Ry. Co. (Tex. Civ. App.) 282 S. W. 267.

■■ As appears in the statement above, the trial court found that the water diverted to appellant's land by the dam Davis constructed was water which would have flowed to and over same, instead of to Davis' land, but for the embankment made by dirt thrown by the supervisors on appellant's land in digging the ditch. Appellant insists the finding was unwarranted—that all the evidence showed that the natural flow of the water in question was not to his land, but to and over Davis'. As we understand the evidence it showed that the natural flow of the water north of the interurban embankment was diverted by the digging of the ditch. If the digging of the ditch was not at appellant's

request, he was in the attitude of consenting thereto, and for that reason was not entitled to complain of the diversion of water caused by it. And as we understand him he is not complaining of that. His contention is that "the natural flow of water (quoting from his brief) was down the drain (ditch) after same was constructed." "Then," he says, "as the drain became filled and was unable to carry all of the water the natural flow was over land belonging to appellee Davis, therefore (by means of the dam in question) he was diverting the natural flow of water back across said ditch and onto the land of appellant." We think the contention should be overruled. Without respect to the fact that the natural flow of water north of the interurban dump was diverted by the digging of the ditch, and without respect to whether its flow while confined to the ditch should be regarded as the natural one or not, we think it took on the character of "surface water" and subject to the rule applicable to such water when it passed from the ditch and spread out over appellant's and Davis' lands. 37 Cyc. 612; 40 Cyc. 639; 27 R. C. L. 1064; Gross v. City of Lampasas, 74 Tex. 195, 11 S. W. 1086; Barnett v. Irrigation Co., 98 Tex. 355, 83 S. W. 801, 107 Am. St. Rep. 636; Schalk v. Inter-River Drainage Dist. (Mo. App.) 226 S. W. 277; Drainage Dist. v. Ham, 275 Mo. 384, 204 S. W. 723; Sigler v. Inter-River Drainage Dist., 311 Mo. 175, 279 S. W. 50; Ramsey v. Ketcham, 73 Ind. App. 200, 127 N. E. 204; Horton v. Goodenough, 184 Cal. 451, 194 P. 34; Standley v. Ry. Co., 121 Mo. App. 537, 97 S. W. 244. Prior to the passage of the Act May 29, 1915 (1st Called Sess.), c. 7, § 1 (Vernon's Stats. 1918 Supp. art. 5011t), declaring it to be unlawful "to divert the natural flow of surface waters in this state"; the rule of the common law recognizing a right in a landowner to repel the flow of surface water over his land from lands adjoining same was enforced as the law of this state. Gross v. City of Lampasas, 74 Tex. 195, 11 S. W. 1086; Simon v. Nance (Tex. Civ. App.) 142 S. W. 661; Wilborn v. Terry (Tex. Civ. App.) 161 S. W. 33; Walenta v. Wolter (Tex. Civ. App.) 186 S. W. 873; Hester v. McAdams (Tex. Civ. App.) 203 S. W. 121. If said Act May 29, 1915, was carried into and became a part of the Revised Civil Statutes of 1925, appellant has failed to point out the place in said statutes where it is to be found, and we have been unable to find it therein. As by the express terms of the final title of said statutes said act stood repealed if not included therein, we have not regarded it as in force after said statutes took effect September 1, 1925. If, as appears to be the case, said act had been repealed and was not the law in 1926, when Davis constructed the dam in question, his liability to appellant for damages the latter claimed was deter-

minable with reference to the common-law rule stated above, according to which he was not liable for such damages.

The judgment is affirmed.