A. B. McFadden v. Missouri, Kansas and Texas Railway Company of Texas et al.

Decided January 13, 1906.

**1.—Nuisance—Liability.**

Where it is proved that a nuisance actually exists, the person responsible therefor can not escape liability by showing that he exercised ordinary care to prevent it. Negligence is not an essential fact to be considered in determining liability.

**2.—Same—Human Agency.**

Where a nuisance is charged, no recovery can be had unless the injury can be attributed to the act of man rather than natural causes, and in order to make a nuisance it must be shown that it is the result of human agency in some form.

**3.—Concurring Nuisances.**

If the defendant company created a nuisance by causing water to collect and stand in holes and ditches on its right of way, and there were similar nuisances at the same time near plaintiff's residence in no manner caused by the defendant, and the two combined resulted in the injuries complained of, the company would be liable for the portion of the injuries which resulted from the nuisance created by it.

**4.—Notice of Nuisance.**

The plaintiff offered to testify that some time before filing suit he told a section boss and a station agent of the defendant that the right of way adjoining his premises was in bad condition; that there was stagnant water and rotting weeds on the same, and asked to have same cleaned up. Held, admissible for the purpose of showing notice to defendant that plaintiff claimed he was being injured by the condition of defendant's right of way.

**5.—Motion for New Trial—Filing in Due Time—When not Necessary.**

Assignments of error based upon the insufficiency of the evidence to support the verdict will not be considered on appeal unless specified in a motion for new trial. But in regard to the ruling of the court upon exceptions to the pleadings, the admission of evidence, and in the giving and refusing instructions a different rule prevails. Having once acted upon the matters last mentioned it is not to be presumed that the judge will change his ruling, and hence in order to appeal from such action it is not necessary that it be made ground for new trial. Such assignments will be considered on appeal, though the motion for new trial was not filed in due time.

Appeal from the District Court of Hill County. Tried below before Hon. O. L. Lockett.

*Ivy & Derden,* for appellant.—That the court erred in its charge in making plaintiff's right to recover depend on the fact of negligence on the part of the railroad company in causing or permitting the nuisance, cited: City of Fort Worth v. Crawford, 74 Texas, 407; Locket v. Fort Worth Ry. Co., 14 S. W. Rep., 564; Fort Worth & D. C. Ry. Co. v.

Scott, 2 App. Civ. Cas., sec. 142; 21 Am. & Eng. Ency. of Law, 688, 689, 892; Dobbins v. Missouri, K. & T. Ry. Co., 91 Texas, 65.

That the defendant company would be liable even though other causes concurred with the nuisance created by it to bring about or produce the injuries: Gonzales v. City of Galveston, 84 Texas, 3; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 439; San Antonio & A. P. Ry. Co. v. Gwynn, 4 App. Civ. Cas., sec. 220, 2 App. Civ. Cas., sec. 142; Wood on Nuisances, sec. 830.

That the testimony of the plaintiff, as to notice to defendant company, was admissible: Fort Worth & D. C. Ry. Co. v. Measles, 81 Texas, 474.

*T. S. Miller* and *Ramsey & Odell,* for appellee.—The appellant having failed to file in the trial court, within the time required by law, a motion for a new trial, he can not now be heard to complain, on appeal, of the action of the trial court in rendering judgment against him. Rev. Stats., art. 1373; Gonzales v. Adoue, 56 S. W. Rep., 550; Aldridge v. Mardoff, 32 Texas, 207; Gill v. Rodgers, 37 Texas, 628; Linn v. Le Compte, 47 Texas, 440.

Except for the violation of a statutory duty, a railroad company is liable for damages caused by water accumulating or standing on its right of way only when it has failed to exercise ordinary care to prevent such a condition; and there being no evidence of any failure on the part of the defendant company to furnish sufficient culverts, ditches, sluices, openings, etc., such as the natural lay of the land in controversy required for the necessary drainage, the court did not err in requiring the jury to find that the defendant had been guilty of negligence in the respects mentioned in order to entitle the plaintiff to recover.

The appellant in his petition having alleged and sought to recover on the theory that the appellee railway company had been guilty of negligence in causing and permitting an alleged accumulation of stagnant water on its right of way, the court did not err in the second paragraph of its charge to the jury in submitting to the jury the issue and question as to whether or not it was guilty of negligence in this respect, and the appellant can not complain of the action of the court in so doing.

TALBOT, Associate Justice.—Appellant brought this suit to recover of appellee, the Missouri, Kansas & Texas Railway Company of Texas, damages alleged to have been sustained by him on account of a nuisance claimed to have been created by the railway company by permitting water to stand and become stagnant on its right of way near appellant's homestead. It was alleged in substance, among other things, that appellant and his family resided on their homestead premises, situated immediately east of and adjacent to the right of way of defendant railway company; that said defendant's railway along and near appellant's homestead is laid on an artificial embankment, which is its roadbed; that said embankment and roadbed are constructed in such a manner as to interrupt the natural flow of water, which runs over the adjoining lands and on and over said right of way; that said railway company had negligently failed to construct in said roadbed such cul-

verts, and supply its right of way with such ditches, as the natural lay of the land required for the drainage of said lands and right of way. It was further alleged, in effect, that there was an excavation or ditch on the right of way of defendant railway company near appellant's homestead about eight feet wide; that the railway company had permitted weeds, grass and vegetation to grow and stand upon said right of way near to and in said ditch, and had permitted and caused the sewage and water from the Home Ice Company's plant and the Hill County Mill and Elevator Company's plant, located in the city of Hillsboro, to be conducted to its right of way, and flow over same and into said ditch and excavation; that because of said roadbed, insufficient culverts and ditch, said water was obstructed and diverted from its natural course, caused to accumulate and stand on said right of way, become stagnant, produced many mosquitoes, and emitted noisome, unwholesome and offensive gases and odors and malarial poisons, causing injury and much sickness to himself and family, and depreciating the rental value of his property. Appellee railway company pleaded a general denial, and specially, that if any water stood in the ditch or on its right of way at any of the times referred to in appellant's petition, and which is alleged to have caused injury to him, the same was water discharged into said ditch and on its right of way from the Home Ice Company's plant and factory, owned and operated by the estate of George Walters, deceased, with Lewis Habberzettle as administrator, and the Hill County Mill and Elevator Company's plant, located in the city of Hillsboro, Texas; that if appellant was damaged in any of the respects alleged in his petition, such damage was caused by and due to the negligence of the owners, operators and agents of said Home Ice Company and Mill and Elevator Company. Said companies, and the managers thereof, were made parties to this suit, and the railway company prayed that, in the event appellant recovered judgment against it in any sum, it have judgment over against each and all of said parties for a like amount. When the evidence was closed the court's instruction was to return a verdict in favor of the Hill County Mill and Elevator Company, and submitted the case upon the issues made by the pleading as to appellant, the railway company, and the Home Ice Company. The jury returned a verdict in favor of the defendant in the case, and judgment was entered that appellant take nothing, and that appellee, the railway company, recover of him its costs; that said railway company take nothing as against said Home Ice Company and the Hill County Mill and Elevator Company, and that said companies recover of the railway company the costs incurred by them. The plaintiff, McFadden, alone has appealed.

The following paragraph of the court's charge is assigned as error: "If you believe from the evidence that the defendant railroad company caused or permitted waters to accumulate on its right of way, or to gather in ponds on the same, or to stand on the ground on its right of way until the same became saturated, and it became stagnant water, and caused or produced poisonous and obnoxious vapors and odors, or if it caused vegetation to decay on the right of way of the said defendant railroad company, or that it caused great numbers of mosquitoes, and that in consequence, and on account of either or all of such condi-

tions thus produced, and that the said defendant railroad company did not use ordinary care, such as an ordinarily prudent person would have used under the same or similar circumstances, to prevent or avoid such conditions, and that in consequence of such condition, or either of them thus produced, if they were produced, the value and use of the plaintiff's said residence was impaired or diminished, and that plaintiff and his said wife were made sick thereby as hereinafter charged you, then you will find for the plaintiff as against the defendant railway company; but, unless you so believe, you will find for the defendant railway company." The objection urged to this charge is that it not only required the jury to believe and find that the railway company caused the existence of a nuisance on its right of way resulting in damage to appellant, but also made appellant's right of recovery depend on the fact of negligence causing such nuisance, the contention being that proof of such nuisance, and injury to appellant by reason thereof, authorized a verdict in his favor for such damages as he had thereby sustained, whether the railway company had or had not used ordinary care to prevent the conditions producing such nuisance. We think the objection well taken. Negligence on the part of the railway was not an essential element of liability. If the railway company caused a ditch or excavation to be dug on its right of way without so constructing it as to enable the water flowing and falling upon said right of way to pass off according to the natural lay of the land, or the flow of such water was obstructed by reason of insufficient culverts in said railway company's railroad embankment, and was thereby caused to collect and stand in said excavation or on said right of way, and the same became stagnant, producing decaying substances, noxious, poisonous and malarial gases, etc., resulting in the sickness of appellant and other members of his family, or impaired the use and enjoyment of his home, the said railway company was liable to appellant for such damages as he suffered in consequence thereof, irrespective of the question of negligence on its part in creating such nuisance. In ascertaining whether or not an act, omission or use of property constitutes a nuisance, it is not necessary to inquire into the intention accompanying such act, omission or use of the property. And when it is proved that a nuisance actually exists, the person responsible therefor can not escape liability by showing that he exercised ordinary care to prevent it. (Texas & Pac. Ry. Co. v. O'Mahoney, and authorities cited, 50 S. W. Rep., 1049; Locket v. Fort Worth & R. G. Ry. Co., 78 Texas, 211; Adams v. Missouri, K. & T. Ry. Co., 70 S. W. Rep., 1006; Wood on Nuisance, secs. 27, 127, 485.) The fact that negligence on the part of the railway company was alleged does not, we think, change the rule.

Appellant's second assignment of error complains of the following clause of the court's charge: "On the other hand, if you believe that the defendant, the railway company, was not responsible for the said ponds or the accumulation of water on its right of way, and that it used ordinary care to prevent such condition, such as a man of ordinary prudence would have used under the same circumstances, or if the natural lay of the land and the natural drainage thereof was such that any water thus accumulated, if there was any, would, under ordi-

nary conditions, be reasonably drained and carried off of said right of way, or that said damage suffered by plaintiff, if any was suffered, was caused by stagnant water or poisonous gases or odors, or that the said mosquitoes were created and caused proximately by ponds of water, if any there were, that were not upon the right of way of the defendant railway company, then in either event you will find for the defendant company."

The various grounds upon which complaint is made of this charge will be sufficiently indicated in our discussion of it. We have held, in disposing of appellant's first assignment of error, that negligence on the part of appellee railroad company was not an essential fact to be considered in determining its liability for such damages as appellant may have suffered on account of the nuisance charged to have been created by it, and hence the clause of the court's charge here under consideration is erroneous, in that it authorized a verdict for appellee in the event they found that it had exercised that degree of care that a person of ordinary prudence would have used under the same circumstances to prevent the condition causing such nuisance. Where it is shown that a nuisance actually exists, it is no defense in law that the party responsible for its existence did, in fact, exercise ordinary care to prevent it. This charge is also subject to criticism, in that the jury is thereby left to determine the question of the railway company's responsibility for the alleged nuisance, without a statement of the facts which would show such responsibility. Inasmuch, however, as such facts were grouped and set forth in the preceding paragraph of the court's charge, probably this error would not require a reversal of the case. That portion of the charge complained of wherein the jury was told, in effect, that, "if the natural lay of the land and the drainage was such that any water thus accumulated, if there was any, would, under ordinary conditions, be reasonably drained and carried off of said right of way," they should find for the railway company, states substantially a correct proposition of law. If the railway company provided its roadbed with sufficient culverts to allow the water to flow off of its right of way according to the natural lay of the land, and did not obstruct such flow by cutting a ditch or making an excavation on said right of way, thereby causing such water to be stored and held therein, then a verdict should have been in its favor.

It was not the legal duty of the railway company to ditch its right of way and make openings in its roadbed for the purpose of draining or removing from said right of way such water as accumulated and stood thereon, because of the natural lay of the land. Where a nuisance is charged, "no recovery can be had, unless the injury can be attributed to the act of man rather than natural causes, and in order to make a nuisance it must be shown that it is the result of human agency in some form, for no man can be made liable for injuries resulting from natural causes purely, but if man has done some act which interferes with the natural condition of things, and through his interference therewith produces injury to another, he is liable for all the consequences that can be traced to his wrongful act." If, therefore, the water charged to have accumulated on the railway company's right of way was gathered and held there by reason of a natural depression in the land, or by

the natural lay of the land, and not because of some act of the railway company or its agents, which interfered with the natural drainage and flow of the water going upon and passing over its said right of way, then appellant would not be entitled to recover. In other words, if the water complained of would have accumulated and stood on the right of way of the railway company, regardless of its roadbed or the excavation or ditch, if any, referred to by appellant, then, and in that case, no cause of action accrued to appellant by reason of the accumulation of such water and the injury resulting to him therefrom, and no recovery can be had therefor. If, on the other hand, the railway company failed to construct in its roadbed such culverts or sluices as the natural lay of the land required for the drainage of its right of way, or cut a ditch or excavation on said right of way, by reason of either of which said water was obstructed and caused to stand in holes or ponds upon said right of way, and become stagnant, and emit noxious odors, stenches and malarial gases, then said railway company would be liable to appellant for such damages as he sustained as a proximate result thereof. We think the charge substantially correct wherein the jury are told, in effect, that if the damages suffered by appellant, if any, were caused by stagnant water, or poisonous gases or odors, or that the mosquitoes complained of were caused proximately by ponds of water, if there were any, that were not upon the right of way of the railway company, it would not be liable therefor. It does not appear, as we understand the evidence, that the railway company was in any way responsible for the existence of any such ponds. If, as a matter of fact, there were ponds of water near appellant's residence, not on the railway company's right of way, to the creation and existence of which no act of the company contributed, then the company would not be responsible for any injury resulting to appellant therefrom. Or, if such ponds existed and constituted a nuisance, emitting and diffusing over and about appellant's premises obnoxious and poisonous gases and smells, and a nuisance of like character existed at the same time through the act of the railway company on its right of way, and the two combined resulted in the injuries complained of, said company would not be relieved of liability, but would be liable only for the portion of the injuries which resulted from the nuisance created by it. (Neville v. Mitchell, 66 S. W. Rep., 579.)

There was no error in refusing to give appellant's special charge, made the basis of his fourth assignment of error. This charge, in our opinion, as framed, did not contain a correct proposition of law applicable to the facts of this case.

Appellant requested the court to charge the jury in substance that it was the duty of the railway company to construct in its roadbed all necessary culverts and sluices as the natural lay of the land required for the necessary drainage thereof, and if it had failed to do so it would be liable to appellant for such damages alleged as he had sustained by reason of such failure. This charge contains a correct abstract proposition of law, and we are inclined to think it should have been given. We are not certain that it was so conclusively established by the evidence that this law had been complied with by the railway company that the court was justified in refusing the requested instruction.

Appellant offered to show on the trial in the court below, by his own testimony, that a year and a half before the bringing of this suit he told the section boss of the railroad company, defendant, and also the station agent at Hillsboro, Texas, of the defendant railroad, that the right of way of the railway company at the point just adjoining his premises, and at the point about seventy-five yards southwest of his house, was in a bad condition, that there was stagnant water at both of said points on the right of way, and rotting weeds in same, and that same smelled very bad, and was very offensive to himself and family, and asked them to have the same cleaned up. This testimony was objected to on the ground that same was irrelevant, immaterial and self-serving, and on the ground that exemplary damages were not claimed in plaintiff's petition, and that any notice given by plaintiff to defendant as to the condition of the right of way was not material. The objection was sustained and the testimony excluded.

The majority of the court are of the opinion that this evidence was admissible for the purpose of showing notice to the railway company that appellant claimed that he was being injured by the condition of appellee's right of way. It was not admissible to show that appellee had, by the excavation for its right of way, caused water to accumulate and stand thereon for the reason that it was self-serving. It would have been proper, upon its admission, for the court to restrict it to the sole question of notice to the railway company of plaintiff's claim that he was being injured.

The writer does not concur in this conclusion of the majority. There being no claim for exemplary damages set up, nor question of negligence, essential in fixing liability on the part of appellee, involved, he is of the opinion the testimony was immaterial, in part, at least, self-serving, and was properly excluded. The extent of appellant's recovery, if entitled to recover at all, was, under the pleadings, limited to the actual damages sustained by him. This right was in no way dependent upon the notice to appellee of appellant's claim of injury on account of the condition of its right of way, nor could the amount of such damages be increased or aggravated by proof of such notice. The testimony, in my opinion, would have been prejudicial to appellee, and, inasmuch as it did not tend to prove or elucidate any issue in the case, was inadmissible.

The case was tried before a jury, and the record shows that appellant's motion for a new trial was not filed within two days from the date of the judgment rendered against him, and does not show that it was filed after that time by leave of the court upon good cause shown. In this state of the record, it is contended by appellee that the jurisdiction of this court can not be invoked by appellant to review the action of the trial court in rendering judgment upon the verdict. It has been held that motion for a new trial, filed after the time within which such filing is authorized by law, without leave of the court, upon good cause shown why it was not filed within such time, will not be considered, and in the case of the Western Union Telegraph Company v. Mitchell (89 Texas, 441) Judge Brown, of the Supreme Court, says: "It has been held by this court that it would not, upon appeal or writ of error, consider assignments based upon the insufficiency of the evi-

dence to support the verdict, unless that ground was specified in the motion for a new trial. (King v. Gray, 17 Texas, 62; Clark & Loftus v. Pearce, 80 Texas, 151.) But this ruling has not been applied to those matters upon which the trial court has directly acted, and which are made properly to appear in the record of the case." The distinction is shown in the following language of Judge Gaines, in the case of Clark & Loftus v. Pearce, supra. He says: "In regard to the ruling of the court upon exceptions to the pleadings, the admission of evidence, and in the giving or refusal of instructions, a different rule prevails. Having once acted, it is not to be presumed that the judge will change his ruling, and hence, in order to appeal from such action, it is not necessary that it be made ground for new trial; but it is always optional and proper to do so." The rulings of the trial court sought by appellant to have reviewed in this case relate to the giving and refusal of certain instructions and the exclusion of testimony. Under the authorities mentioned, this may be done, notwithstanding the attention of the lower court may not have been directed to the errors here insisted upon, by motion for a new trial.

For the errors indicated, the judgment as to appellee railway company is reversed, and the cause remanded.

*Reversed and remanded.*