### HOUSTON & T. C. R. CO. v. HANSON.
(No. 6253.)

(Court of Civil Appeals of Texas. Austin. Jan. 12, 1921.)

1. **Waters and water courses** ⬅126(3)—**Findings as to diverting surface waters held in irreconcilable conflict.**

In an action against a railroad for diverting surface water and causing it to flow upon and injure plaintiff's crops, where the jury in response to special issue found that the injury was caused solely by water which fell upon land other than that of railroad's right of way, and not by water which had been diverted by the railroad, and in response to other special issue made an inconsistent finding that, if the railroad had not constructed its railroad in the manner complained of, the plaintiff's crops would not have been injured, it was error for court to render judgment for plaintiff; such findings being in irreconcilable conflict.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Waters and water courses ⚌126(3)—Submission of whether defendant caused diverted water to augment flow from other land held error.**

In action for diversion of surface water, injuring plaintiff's crops, it was error for court to submit question of whether railroad had diverted water and caused it to so increase the flow of water from other land being drained by ditch between such land and plaintiff's land as to cause such water to overflow and damage plaintiff's crops.

**3. Waters and water courses ⚌126(3)—Special issue as to whether jury could ascertain proportion of loss caused by water from other land held proper.**

In action for diversion of surface water onto plaintiff's land, where there was no allegation that defendant had caused such diverted water to augment the flow of water from other land being drained by ditch between such land and plaintiff's land to such extent as to cause water to overflow onto plaintiff's land defendant was entitled to have submitted to jury special issue as to whether jury was able to ascertain the proportion of the loss, if any, caused by surface water from such other land which had not flowed over defendant's land, since in such case defendant was liable only for the portion of the injury caused by the water diverted by it, and was entitled to judgment in its favor if the jury was unable to ascertain the amount of the proportion of injury.

**4. Waters and water courses ⚌119(2)—Railroad diverting water held liable, though water came from upper land.**

Where there was a ditch between adjoining land sufficient to protect lower land from surface water flowing from upper land, a railroad which so constructed and maintained its roadway as to divert water into ditch and caused water to overflow and injure crops on lower land, the railroad is liable, though part or even all of the water which was thereby caused to flow on plaintiff's farm may have been water which had fallen upon the upper land.

Appeal from District Court, Travis County; Ireland Graves, Judge.

Action by Clarence Hanson against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and W. B. Garrett, of Austin, for appellant.

A. O. Sandbo and White, Cartledge & Wilcox, all of Austin, for appellee.

KEY, C. J. We copy from appellant's brief the following statement of the nature and result of this suit:

"This suit was instituted by the appellee against the appellant to recover damages for the alleged overflow and destruction of his crop of cotton on 20 acres of land located about 100 yards from appellant's track during the spring of 1914. Appellee alleged that appellant's track running about north and south had constructed its roadbed on the side of hill sloping west; that the appellant, in order to prevent said surface water from accumulating on the east side of its track, had cut a ditch on the east side extending north leading to a drain; that appellant had negligently permitted said ditch to become clogged and filled with grass and other substances, and the rainwater that fell east of the track accumulated in a swag and formed a pond; that on April 15, 1914, a heavy rain fell and on account of said ditch being clogged up water accumulated on the east side of the track, and that to save the track the appellant negligently cut an opening in the roadbed and permitted the water which had accumulated on the east side to flow to the west side and onto appellee's field, destroying his cotton crop; that he replanted his cotton crop, and that again a heavy rain fell, on or about May 15, 1914, and again his crop was destroyed. The negligence charged was in permitting said ditch to become clogged up, in not providing a way to carry off the water, and in cutting the opening in the track. Damages were laid at $1,160.

"The appellant answered by general denial, specially denied that it ever dug any ditch running north to a natural drain, as alleged by appellee, and denied that surface water had been let through its roadbed onto plaintiff's farm as alleged. That appellee's field and the topography of the adjoining lands was such that the heavy rains in the spring of 1914 would have overflowed and damaged his crop if the railroad had not been there. That the water that overran plaintiff's field came off of the adjoining land of his neighbor and not from the railroad track. That plaintiff negligently failed to keep open a ditch between his field and that of his neighbor whereby his crop was overflowed.

"Appellee, during the trial, filed a trial amendment to meet certain objections to testimony, in which he alleged that by failure of appellant to provide an opening or drain to carry off the water it accumulated on the east side of the track and overflowed the track and came through a hole cut in the track onto plaintiff's field, destroying the crop.

"The case was submitted to the jury on special issues, and on their verdict the court entered judgment for appellee for $216, with 6 per cent. interest from 4th day of October, 1914.

"Appellant in due season filed its amended motion for new trial, which was overruled. Appellant excepted and gave notice of appeal, which appeal was duly perfected, and this cause is now properly before this court for review."

The case was submitted to a jury upon special issues, and they answered the same as follows:

"Question No. 1: Could the defendant, Houston & Texas Central Railroad Company, by the use of ordinary care have prevented the water which accumulated on the east side of its track near the J. D. Robinson land from overflowing or running through to the west side of the track and on to the Robinson land by providing and maintaining a ditch to carry off the water toward the north on the east

side of the track into a natural drain or creek, if there was such a natural drain or creek? Answer: Yes.

"Question No. 2: Did water which accumulated on the east side of defendant's track near the southeast corner of the Robinson land overflow its said track or pass through a hole· or channel cut in its roadbed and go upon the plaintiff's land and destroy his crop of cotton on or about the 15th day of April, 1914? Answer: Yes.

"Question No. 3: Did the water which accumulated on the east side of the defendant's track near the southeast corner of the Robinson land flow across or under the track and go upon plaintiff's land and destroy his crop on or about the 15th day of May, 1914? Answer: Yes.

"Question No. 4: Did the water which fell upon the J. D. Robinson land, lying north of the land cultivated by plaintiff, during the year 1914, cause the destruction of plaintiff's crop complained of? Answer: Yes.

"Question No. 5: If you have answered question No. 4 'Yes,' then answer this question: Was the failure of the defendant to provide and maintain a ditch or drain sufficient to carry off toward the north the water that accumulated on the east side of its track near the southeast corner of the Robinson land the direct and proximate cause of the plaintiff's crop being destroyed by the water that fell upon the Joe Robinson land, if it was so destroyed? Answer: Yes.

"Question No. 6: At the time of the heavy rains in the spring of 1914, had the plaintiff failed to use ordinary care to keep open the ditch between his land and the J. D. Robinson land lying north of plaintiff's farm? Answer: No. * * *

"Question No. 8: Were the overflows of the plaintiff's cotton field and the loss or damage complained of by the plaintiff caused by heavy rains and surface water coming off of adjoining farms such as would overflow and inundate plaintiff's said cotton field, irrespective of the presence and condition of the defendant's railroad track at the place in question? Answer: No.

"Question No. 9: What damages, if any, did plaintiff sustain by reason of the overflow of his cotton crop? Answer: $216."

## Opinion.

[1] The findings of the jury in response to special issues Nos. 4 and 8 seem to be in irreconcilable conflict; and therefore we hold that the court committed fundamental error in rendering judgment for the plaintiff.

The plaintiff's pleadings show that he did not base his right to recover upon the theory that the defendant had illegally diverted the surface water and caused it to augment the flow of water which naturally came from the Robinson farm, to such an extent as to cause the injury and damage to the plaintiff's farm of which he complained. On the contrary, he alleged that the water which was diverted by the defendant was thereby caused to flow upon and injure the crops growing on his land. That allegation is contradicted by the finding of the jury, in response to the fourth special issue, to the effect that the injury re-

ferred to was caused solely by the water which fell upon the Robinson land, and not by water which had been diverted by the defendant. But that finding seems to be contradicted by the jury's response to the eighth special issue, in which they found, in effect, that, if the defendant had not constructed its railroad where and maintained it as it did, the plaintiff's crops would not have been injured.

[2] In reference to the finding of the jury, in response to the fifth special issue, we recur to the fact already stated that the plaintiff did not base his right to recover upon the theory that the alleged misconduct of the defendant had diverted other waters, and caused them, together with the waters which flowed from the Robinson farm, to overflow and damage his crops; and, in the absence of pleading bringing the case within that category, inasmuch as he sought recovery only upon the theory that the diverted water had flowed upon and caused the injury, we do not think that issue should have been submitted to the jury.

[3] Appellant requested and the trial court refused to submit ,to the jury the following special issue:

"Are you able to determine from the evidence before you what proportion of the loss sustained by plaintiff, if any, that was caused by surface water or rainwater that overran or flowed onto his cotton field from the farm adjoining him on the north, and which did .not flow over its track or through the alleged opening cut in the, defendant's track, or what proportion came over the track?"

In view of the fact that the plaintiff had so framed his petition as to entitle him to recover only upon the theory of injury caused by the diverted water, and not upon the theory that the defendant was in any wise responsible or liable for injury to his crops that may have been caused by the waters which flowed from the Robinson land, we hold that the defendant was entitled to have the question presented by the special charge quoted submitted to the jury. Railway v. Vogt, 181 S. W. 841; Railway v. Wright, 195 S. W. 605. In other words, if the injury complained of was caused in part by waters which flowed upon the plaintiff's land from the Robinson land, and in part by waters diverted by the defendant, unless it was alleged and proved that the diverted waters caused the waters from the Robinson land to overflow the plaintiff's land, the defendant could only be held liable for the portion of the injury caused by the waters diverted by it; and, if the jury was unable, upon due consideration of the testimony, to form a reasonable estimate of the amount of such proportional injury, the defendant was entitled to a judgment in its favor.

In S. A. P. Ry. Co. v. Gurley, 37 Tex. Civ. App. 283,. 83 S. W. 842, this court held that, in an action against a railroad company for

overflowing land, by the construction of an embankment, where the evidence showed that the embankment was partially constructed by another, acting independently of defendant, the latter was liable only for the proportional injury contributed to by it; but, if both acted in concert, or if defendant consented to or participated in the conduct of such other in the construction of such embankment, both or either were liable for the entire damages resulting. A similar ruling was made by this court in Taylor v. Railway Co., 36 Tex. Civ. App. 658, 83 S. W. 746.

[4] So it is that, if the injury complained of in this case, or any portion thereof, was caused by the water flowing from the Robinson farm upon the plaintiff's farm, the railway company is not liable to the plaintiff on account of such injury, unless it is made to appear that the plaintiff would have sustained no injury if the defendant had not diverted the water which passed over or through the dump or dam which it had constructed. There was testimony tending to show that there was a ditch between the plaintiff's land and the Robinson farm, for the purpose of protecting the plaintiff's land from waters flowing off of the Robinson farm, and, if the defendant constructed and maintained its roadbed in such manner as to divert the natural flow of the waters, and as a direct result of such diversion an excessive volume of water was caused to flow into the ditch between the plaintiff's land and the Robinson land, and thereby such ditch was overflowed and the plaintiff's crops were injured, then the defendant would be liable, although part or even all the water which was thereby caused to flow upon the plaintiff's farm may have been water which had fallen upon the Robinson farm. But, as said before, the plaintiff did not base his right to recover upon that theory

Pretermitting any opinion as to the merits of the case as developed by the testimony, we decide the other questions of law against the appellant. But, for the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.