We discover no error in the court's instructions.

■ Bills of exceptions 4 and 6 bring forward complaint at the refusal of requested charges regarding different kinds of beer, alcoholic contents, various ingredients, mixtures, etc. Bill of exception No. 5 complains at the refusal of a special charge to the effect that, before a private residence could be searched by permission, there must be no misunderstanding between the party giving the permission and the officer making the search. We find no evidence in the record raising an issue to which any of the special charges would be applicable.

■ Appellant sought a new trial partly upon the ground of newly discovered evidence from his wife. The slightest diligence before or during the trial would have discovered the evidence.

The judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J.

■ Appellant urges that, because the sheriff said he had never made beer, and that what he drank of the beer found by him at appellant's house did not make him drunk, therefore the jury erred in the first instance, and this court later in accepting as true the uncontradicted positive statement of said officer that the beer so found by him was intoxicating liquor. We do not deem the proposition serious enough to call for discussion. It is plain that one who never made intoxicating liquor may know from experience and observation that same is intoxicating; equally that one does not have to drink enough of a given liquor to make him drunk to enable him to say it is intoxicating. Testimony that a wife gave permission to one to enter a house occupied by her and her husband seems in no sense in violation of the rule which forbids a wife to testify against her husband except in certain instances. Nothing in the authorities cited in appellant's motion, viz. Baird v. State, 111 Tex. Cr. R. 640, 13 S.W.(2d) 832, 833, article 714, C. C. P., and Hamilton v. State, 36 Tex. Cr. R. 372, 37 S. W. 431, holds to the contrary of the view thus expressed.

[6, 7] It is insisted that we erred in not holding that the seventh ground of appellant's motion for new trial was good. In this paragraph of said motion was presented the sworn statement that the testimony of appellant's wife was "newly discovered" testimony. Even if the averments of said motion were of that convincing character necessary in order to make same "newly discovered," we would have to hold against the contention. Neither by bill of exceptions nor by statement of facts duly approved and brought forward in the record is the testimony heard by the court when the motion for new trial was presented, preserved or brought here. The order of the court overruling such motion recites that the court heard evidence. Not having such evidence before us, we must affirm the correctness of the overruling of said motion. Crouchette v. State, 99 Tex. Cr. R. 572, 271 S. W. 99; Wilson v. State, 99 Tex. Cr. R. 561, 271 S. W. 104; Parsons v. State, 98 Tex. Cr. R. 272, 265 S. W. 565; Cade v. State, 96 Tex. Cr. R. 523, 258 S. W. 484. The fact that appellant's wife was a Mexican woman and possibly ignorant of the English language would scarcely suffice to excuse him in not finding out from her what her testimony would be regarding the proposition as to whether she gave the officer consent to enter the house or not. Appellant was also a Mexican, and spoke the same language she did.

The motion for rehearing will be overruled.

### WICHITA COUNTY WATER IMPROVEMENT DIST. NO. 1 v. McGRATH.

No. 3370.

Court of Civil Appeals of Texas. Amarillo.
March 5, 1930.

Rehearing Denied April 2, 1930.

458

Carrigan, Britain & King, of Wichita Falls, H. R. Wilson, of Fort Worth, and E. R. Surles, of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

JACKSON, J.

This suit was instituted in the district court of Wichita county, Tex., by the plaintiff, Mrs. J. M. McGrath, a widow, against the defendants, the city of Wichita Falls, Texas, and the Wichita county water improvement district No. 1, to recover damages sustained by plaintiff to her farm on account of the alleged negligence of the defendants.

The plaintiff alleges that the city of Wichita Falls is a municipal corporation, and that the Wichita county water improvement district No. 1 is a corporation, organized in 1919 under the laws of this state for the purpose of supplying water with which to irrigate the lands within the boundaries of its district.

That plaintiff is and for more than thirty-five years has been the owner of 346 acres of land situated in said district, upon which she has had her home and upon which she is conducting and maintaining a farm.

That about the year 1909, the Lake Wichita Irrigation & Water Company was incorporated, and, among other things, furnished water for irrigating a few small tracts of land in the vicinity of plaintiff's homestead. That the Lake Wichita Irrigation & Water Company erected a dam across Holliday creek, a natural water course, by which water was impounded and a lake created. That it constructed certain earthen canals through which water for irrigating could be supplied. That one of such canals ran along and adjacent to the south side of plaintiff's farm. That another of said canals extended through the west side of her farm, intersecting its north line about 300 feet from the northwest corner of said farm. That said canals were used periodically to furnish water to plaintiff's farm and other farms in that vicinity. That about January 1, 1924, the defendant, Wichita county water improvement district No. 1, acquired all of the property and rights of the Lake Wichita Irrigation & Water Company, including its system of canals. That the Wichita county water improvement district No. 1 erected a dam across the Wichita river and created a lake and impounded water with which a much larger territory and much more acreage could be irrigated. It constructed an additional system of canals in its district and connected such system with the canals theretofore constructed by the Lake Wichita Irrigation & Water Company. That one of such additional canals was constructed along and adjacent to the north side of plaintiff's farm so as to connect with the canal theretofore extending across the west side of said farm.

That, at all the dates alleged, the city of Wichita Falls was the exclusive owner of an aqueduct extending from Lake Wichita to the city, through which water was conveyed to the residences of said city for domestic and industrial purposes. That for the past four years said aqueduct has also been used by the Wichita county water improvement district No. 1 to carry water from Lake Wichita to irrigate the lands along and adjacent to the said aqueduct, which extends along and is adjacent to the east side of plaintiff's farm, and that said aqueduct was and has been for four years used jointly by both of the defendants for conveying water for their respective purposes.

Plaintiff alleges that, on account of the negligence of defendants, numerous acts of which she sufficiently alleges, her land became water-logged by seepage from the various canals and aqueduct of defendants. That the water table under her land had been caused to rise to within a few feet of the surface, and by reason thereof approximately 140 acres of her land has been ruined and rendered worthless, and the value of the remainder of her land has been materially reduced, and that within another twelve months the value of her entire farm will be destroyed.

Plaintiff also alleges the loss of crops and that the negligence of defendants is the proximate cause of all of her damages, which she states were on February 22, 1929, the sum of $68,235.

She also pleads that, if the court should determine that her cause of action is such as will entitle her to recover all damages which she has suffered and which she will suffer in the future, her total damage will amount to $87,035.

The Wichita county water improvement district No. 1 answered by general and special demurrers, general denial, and pleaded the two and four years' statutes of limitation.

The city of Wichita Falls answered by general demurrer, special exceptions, and general denial, and admits that it owns and operates waterworks and uses the aqueduct running from Lake Wichita to its water plant in the city of Wichita Falls, which is the only means by which the inhabitants of the city can acquire water for domestic consumption, and that such aqueduct is a public benefit and a public necessity; pleads contributory negligence on the part of the plaintiff and the two years' statute of limitation.

All the special issues submitted to the jury to determine the liability of the defendant city were found in behalf of the city and judgment rendered in its favor, of which no complaint is made.

In response to special issues submitted by the court to determine the liability of the defendant Wichita county water improvement district No. 1, the jury answered, in substance, that the water-logged condition of plaintiff's land was caused by the seepage and flowage from certain canals maintained by the defendant water improvement district; that said defendant, during the two and one-half preceding years, kept the water in said canals higher than was reasonably necessary for its purpose. That such conduct on the part of said defendant was negligence, and that such negligence was the proximate cause of the injuries to plaintiff's land; that for the two and one-half preceding years said defendant had kept the water in its said canals for longer periods of time than was reasonably necessary for its purposes. That such conduct on the part of said defendant was negligence, and that such negligence was the proximate cause of the injury to plaintiff's land. That at times during the two and one-half preceding years said defendant had caused water to flow out of one of its canals into a ditch along the railroad right of way and thence on to plaintiff's land, and that such conduct on the part of said defendant was negligence and was the proximate cause of the injuries to plaintiff's land. That the water table under plaintiff's land commenced to rise on account of the flowage and seepage from said defendant's canals in the year 1925. That the injury resulting from such seepage became visible on some part of plaintiff's land in the latter part of 1926. That the injury to plaintiff's land from such seepage and flowage was not permanent, and that the injury to plaintiff's land can be removed by drainage and leaching. That water from Lake Wichita has seeped to and under plaintiff's land, and that plaintiff's land would not have been water-logged except for the seepage of water from Lake Wichita.

The court submitted to the jury special issues as to the market value per acre of certain tracts of plaintiff's land and the market value per acre of the remainder thereof before and after the injury, and, on the findings of the jury in response to such issues, rendered judgment in favor of the plaintiff against the defendant, the Wichita county water improvement district No. 1, for the sum of $10,660, from which judgment this appeal is prosecuted.

■■ The appellant assigns as error the action of the trial court in rendering judgment against it for the entire amount of the damage found by the jury to have been sustained by appellee, because, although the jury found that the injury to the land was caused by seepage from appellant's canals and laterals, the jury also found that water from Lake Wichita had seeped to and under appellee's land, and that no damage would have been sustained but for the seepage of water from Lake Wichita to and under the land, and the testimony wholly fails to show that appellant owned or operated or controlled the water in said lake or acted in concert with the owners thereof in causing the injury.

The testimony is insufficient to show any relation or connection of appellant and the owners of Lake Wichita or any concerted action between them or any negligent act in which they jointly engaged.

The rule as stated by Sutherland on Damages, vol. 1, (4th Ed.) 435, § 140, is: "To entitle the plaintiff to a verdict against all the defendants as joint trespassers it must appear that they acted in concert in committing the trespass complained of; if some aided and assisted the others to commit the trespass or assented to the trespass committed by others, having an interest therein, they are all jointly guilty; it would not be material if they had unequal interests in the avails of the trespass; for those who confederate to do an unlawful act are deemed guilty of the whole although their share in the profits may be small. But if any of the defendants are not guilty at all, or if any of them, though guilty, were acting separately and for themselves alone, without any concert with the others, they ought to be acquitted and those only found guilty who were acting jointly."

In Sherman Gas & Electric Co. v. Belden et al., 103 Tex. 59, 123 S. W. 119, 121, 27 L. R. A. (N. S.) 237, the gas and electric company had been sued for injury and damage to the residence of the plaintiff, because the operation of their plant had created a nuisance and damage to plaintiffs' property. The Supreme Court of this State, in passing on the case, says: "It appears from the evidence that near to plaintiffs' home was an ice plant, a wood yard, and a railroad switching yard, which may have contributed to cause the nuisance complained of. The Gas & Electric

Company is responsible only for the injury caused by the operation of its plant."

In Southern Salt Co. v. Roberson (Tex. Civ. App.) 97 S. W. 107, the court holds that, if the owner of the land, on account of the odors, vapors, smoke, and dust, suffered damages from the operation of the salt works, and possibly because of the operation of a railroad spur extending to the salt works, the liability of the owner of the salt works was limited to the damages caused by such works.

In McFadden v. M., K. & T. Ry. Co. of Texas et al., 41 Tex. Civ. App. 350, 92 S. W. 989, 992, the court, in speaking of ponds for which the railroad was not responsible, says: "If such ponds existed, and constituted a nuisance emitting and diffusing over and about appellant's premises obnoxious and poisonous gases and smells, and a nuisance of like character existed at the same time through the act of the railway company on its right of way, and the two combined, resulted in the injuries complained of, said company would not be relieved of liability, but would be liable only for the portion of the injuries which resulted from the nuisance created by it." To the same effect are the holdings of the courts in Sun Co. v. Wyatt, 48 Tex. Civ. App. 349, 107 S. W. 934, 936; Galveston, H. & S. A. Ry. Co. v. Vogt (Tex. Civ. App.) 181 S. W. 841; Houston & T. C. Ry. Co. v. Hanson (Tex. Civ. App.) 227 S. W. 375; Anderson et al. v. Highland Lake Co. (Tex. Civ. App.) 258 S. W. 218; Moody v. Vandergriff (Tex. Civ. App.) 293 S. W. 215.

 The appellant assails as error the action of the trial court in rendering judgment against it for the sum of $10,660, the difference in the market value of appellee's land immediately before and after the injury, as found by the jury, because appellee was not entitled to recover damages for permanent injuries to her land for the reason that the jury found the land was not permanently injured and that the injury thereto could be removed by drainage and leaching.

In Baugh v. T. & N. O. Ry. Co., 80 Tex. 56, 15 S. W. 587, the Supreme Court holds that: "When the nuisances complained of are of a temporary character, such as may be voluntarily removed or avoided by the wrong-doer, or such as the injured party may cause to be abated, only such damages as have accrued up to the institution of the suit or (under our system) to the trial of the action can be recovered. For such damages depreciation in the value of the property affected by the injury is not a measure, and in such a suit the amount of such depreciation cannot be recovered."

In Sanders v. Miller, 52 Tex. Civ. App. 372, 113 S. W. 996, 1000, the court says: "The appellee not having alleged any damages except the depreciation in the value of his realty, the judgment in his favor cannot be permitted to stand if we conclude that the pool if a nuisance is an abatable one. * * * It is immaterial, in so far as it affects the right to abate a nuisance, that some affirmative action is required on the part of the wrongdoer to accomplish that end. If he has erected a structure, or made an excavation, which has become a nuisance, he may be compelled to remove the one or fill up the other or do some affirmative act which will destroy the unlawful character which the structure or excavation may have assumed."

It is settled law in this state that the measure of damages for creating and maintaining a nuisance from which temporary injury to real estate results is not the difference in the market value of the land before and after the injury, but generally is the difference in the rental value of the land before and after the injury, together with any special damages that may be alleged and proved.

In answer to special issues submitted by the court, the jury found that the injury to appellee's land by seepage and flowage was not permanent, but that such injury could be removed by drainage and leaching. The jury were also asked to determine the difference in the value of appellee's premises before and after the injury, which they did, and it was on these findings disclosing the difference in the market value that the court based its judgment.

In Waller v. Liles, 96 Tex. 21, 70 S. W. 17, 18, Judge Gaines, after referring to Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881, says: "It is deducible from the ruling in that case that the findings of the jury upon the issues made by the pleadings in a case, although against the undisputed evidence or without evidence to support them, cannot be disregarded, but must constitute the only basis upon which any proper judgment can be rendered. It is probable a different rule should prevail where a finding is not upon an issuable fact, but upon some fact which is merely evidence bearing upon some issue made by the pleadings." See, also, Massie v. Hutcheson et al., 270 S. W. 544, by the Commission of Appeals, and the authorities therein cited.

There is testimony in the record that, by drainage and leaching, appellee's land could be restored and the injury thereto practically entirely removed, but that the expense of so doing would probably be more than the value of the land, but there is no testimony from which the expenses of abating the nuisance can be determined.

Whether the injury to appellee's land was permanent or temporary was a material issue, because on such finding depended the measure which should be applied to her damages. We do not feel warranted in holding that the facts revealed by this record are such as to authorize us to ignore the findings of the

jury to the effect that the injuries sustained by appellee were temporary and the nuisance could be abated and allow her to recover for permanent damages.

The appellant challenges as error the action of the court in rendering judgment against it, for the reason that the jury found that the seepage from its laterals commenced to raise the normal water table under plaintiff's land in the year 1925, and, as the injury was continuous from its beginning, the plaintiff's cause of action was barred by the two years' statute of limitation (Rev. St. 1925, art. 5526), she not having filed her suit until June 20, 1928.

The jury found, also, that the injury resulting from such seepage became visible in the latter part of 1926.

In 37 C. J. 891, § 225, the author states: "Where obstructions erected by defendants or other acts or omissions by him not of themselves unlawful as to plaintiff, caused water to overflow plaintiff's land, a cause of action accrued and the statute begins to run when plaintiff sustains damage from the overflow, not when the obstructions are erected or the other acts or omissions occurred; and this is true although the cause of overflow is an obstruction of gradual growth not causing damage until the lapse of the statutory period after it first began." This, we think, is the correct rule, and appellant's contention relative to limitation is not sustained.

What has been said disposes of the other assignments presented.

The judgment is reversed, and the cause remanded.